**Craig A. ARNOLD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56943.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 15, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant, Craig Anthony Arnold, was convicted by a jury of rape and sodomy. § 566.030 and § 566.060 RSMo 1978. The appellant was sentenced to 15 years in prison on each count to be served consecutively. Appellant's conviction was affirmed in *State v. Arnold*, 674 S.W.2d 141 (Mo.App. 1984). In August of 1985, movant filed a *pro se* Rule 27.26 motion for post-conviction relief. Later, counsel appointed to represent movant filed an amended motion. Appellant's Rule 27.26 motion was denied after an evidentiary hearing. This appeal followed.

■■■ Having the burden of demonstrating error, the appellant has the ultimate responsibility for the preparation and filing of the transcript. *State v. Clark*, 671 S.W.2d 1, 3 (Mo.App.1983); *Jackson v. State*, 514 S.W.2d 532, 533 (Mo.1974). The transcript on appeal must contain all the necessary material to make a determination of the issues raised, and where such information is not included, there is nothing for the appellate court to review because the appellate court is unable to determine if the trial court erred. *Burns v. State*, 601 S.W.2d 633, 635 (Mo.App.1980); *Garrett v. State*, 486 S.W.2d 272, 274 (Mo.1972).

In his first point relied on, appellant claims that trial counsel was ineffective for failing to object when the prosecutor, during closing argument, improperly vouched for the victim's credibility by stating that the victim is a "truth teller." In his second point relied on, appellant contends that trial counsel was ineffective for failing to make a timely objection to an in-court demonstra-

tion by the state as to the effects of lighting conditions on complexion color. Because the trial transcript was not filed on appeal, the appellant has failed to supply a proper record. Without the transcript, we cannot rule on the validity of his claims. Thus, both of his points must be denied.

The appeal is dismissed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.