**CITY OF SPRINGFIELD,**
**Missouri, Respondent,**

v.

**Ivoe ROGERS, Appellant.**

**No. 18387.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 27, 1993.

Ralph Weatherwax, Springfield, for appellant.

Dennis E. Budd, Asst. City Atty., Springfield, for respondent.

MONTGOMERY, Judge.

This is an appeal from a trial de novo in which Ivoe Rogers (Appellant) was convicted of violating two ordinances of the City of Springfield, Missouri (Respondent). Appellant was fined $200 upon his conviction for maintaining a nuisance on property under his control and fined $100 upon his conviction for leaving an inoperable vehicle on his property for more than seven days.

After Appellant filed his brief, Respondent filed a motion to strike the brief. That motion was taken with the case. It is now granted, and the appeal is dismissed.

Respondent's motion is directed mainly to the Statement of Facts and the Points Relied On in Appellant's Brief. Respondent asserts that those parts of Appellant's brief do not comply with the requirements of Rules 30.-06(c), 30.06(d) and 30.06(h).[1]

The requirements for an appellant's brief are found in Rule 30.06.[2] Pertinent portions of that rule follow:

(c) **Statement of Facts.** The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. . . .

(d) **Points Relied On.** The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authorities thereunder. . . .

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

. . . .

(h) **Page References in Briefs.** All statements of fact and argument shall have specific page references to the legal file or the transcript.

Appellant's Statement of Facts, consisting of three paragraphs totaling 34 lines, covers less than one page. No facts relevant to the questions presented for determination are found in the three paragraphs. The "facts" stated are merely a short procedural history of the case, without a single page reference to the legal file or transcript. In *Carrier v. City of Springfield*, 852 S.W.2d 196 (Mo.App. 1993), this Court determined that a statement of facts almost identical to that submitted in the present case was seriously deficient and a violation of Rule 84.04(c) (which corresponds to Rule 30.06(c)). In *Carrier*, we granted respondent's motion to dismiss the appeal.

Appellant's three points relied on are reproduced verbatim:

I

The trial court erred in failing to determine that the City Utility property substa-

---

1. Rule references are to Missouri Rules of Court (1993).

2. An appeal from a conviction upon trial de novo of a municipal ordinance violation is governed by the rules for appeal of a misdemeanor conviction. *See* Rules 37.74, 30.33, and *City of Kansas City v. Roach,* 794 S.W.2d 715 (Mo.App.1990).

tion was not public property and that the intrusion by city health officials was a violation of the Fourth Amendment. Since there was not substantial evidence to support the findings, the findings of the trial court are against the weight of the evidence and the trial court erroneously applied the law.

## II

The trial court erred in failing to determine a warrant was required to take the photographs of defendant's backyard and erroneously overruled defendant's motion to suppress.

## III

The trial court erred in failing to require the City of Springfield to provide notice and opportunity to be heard before conducting surveillance and search of defendant's property where there was no showing of any emergency.

■ All of these points violate Rule 30.-06(d) for failure to state wherein and why a challenged action or ruling of the court is erroneous. An explanation of this requirement is set forth in *State v. Root*, 820 S.W.2d 682, 686 (Mo.App.1991). A point that cannot be understood without resorting to the transcript or argument portion of the brief preserves nothing for appellate review. *State v. Zahn*, 823 S.W.2d 18, 21 (Mo.App.1991). The points raised by Appellant amount to nothing more than an invitation for us to become his advocate and search the record for error. We decline to do so.

Appeal dismissed.

PARRISH, C.J., and SHRUM, J., concur.