**STATE of Missouri, Respondent,**

v.

**Jeremy T. HACKLER, Appellant.**

No. 25660.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 30, 2003.

James L. Thomas, Waynesville, for Appellant.

No brief filed for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant Jeremy T. Hackler ("Appellant") appeals the denial of his "Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence" ("Amended Motion") by the Circuit Court of Pulaski County.[1]

The record shows Appellant entered a guilty plea to a charge of possession of a controlled substance in violation of section 195.202, a Class C felony.[2] On October 17, 2002, the plea court entered an amended judgment and sentence, which sentenced Appellant to five years' imprisonment and a court ordered substance abuse program pursuant to section 217.362. Appellant seasonably filed the Amended Motion, which the trial court denied. This appeal follows.

Appellant's sole point on appeal reads, in its entirety: "The court erred, as a matter of law, in not allowing Appellant to withdraw his plea of guilty based upon mistake, [sic] and misrepresentation by the prosecutor, his attorney and the court."

"Whether civil or criminal, all briefs filed in an appellate court must comply with Rule 84.04." *State v. Watkins,* 102 S.W.3d 570, 571 (Mo.App.2003); *see* Rules 30.06 and 84.04. Rule 84.04(d) reads, in pertinent part:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

---

**1.** As best we discern, Appellant does not base his motion on Rule 24.035. Indeed, Appellant makes no reference to any court rules in the Amended Motion; however, in the argument portion of his brief, he refers to Rules 29.07(d) and 24.02(d) in discussing the Amended Motion. Additionally, in his statement of facts Appellant refers to his having filed an "Amended Motion for New Trial, Vacate and Set Aside." We are unable to locate such a motion in the record before us and conclude Appellant is actually referring to the instant Amended Motion.

All rules references are to Missouri Court Rules (2003).

**2.** All statutory references are to RSMo 1994.

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

* * *

(4) Abstract statements of law, standing alone, do not comply with this rule. . . .

■■■ Thus, Rule 84.04(d) requires that each point relied on: (1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *State v. Nunley*, 103 S.W.3d 374, 376 (Mo.App.2003). " 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 543 (Mo.App.1999) (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)). Rule 84.04(d) sets forth a form for a point relied on that satisfies the rule's requirements. *Id.*

■■■ Appellant's point relied on does nothing more than identify the ruling of the trial court alleged to be erroneous. It is a bald allegation of error without any explanation as to how or why the evidence would have supported a different ruling. *State v. Flint*, 26 S.W.3d 178, 179 (Mo.App. 2000). "Merely stating what the alleged errors are, without stating why they are errors, does not satisfy the requirements of the rule and preserves nothing for review." *State v. Berry*, 916 S.W.2d 389, 397 (Mo.App.1996); *see State v. Juarez*, 26 S.W.3d 346, 355 (Mo.App.2000).[3]

We also note that Appellant's brief is deficient in other respects. Appellant has failed to "include a concise statement of the applicable standard of review" in the argument portion of his brief as required by Rule 84.04(e); Appellant's table of authority is not arranged in alphabetical order as required by Rule 84.04(a)(1); and Appellant has listed, immediately following his point relied on, more than four cases upon which he principally relies contrary to Rule 84.04(d)(5). Additionally, Appellant failed to serve his brief on the Attorney General of Missouri as required by Rule 30.06(f). He complied with this requirement only after the State of Missouri, by and through its counsel, Jeremiah W. (Jay) Nixon, Attorney General, filed its motion to dismiss Appellant's appeal. As best we discern, to this date Appellant has not delivered a copy of the legal file in the case to the Attorney General as required by Rule 30.04(f).[4]

■■■ "It is not the duty of this Court to become an advocate for the appellant and comb through the entire record

---

3. "Briefing principles applicable to civil cases apply to criminal cases, even though the rules governing appellate briefs are separately stated in Rules 84.04 and 30.06." *State v. Bradley* 8 S.W.3d 905, 906 n. 2 (Mo.App.2000).

4. Our review of the record indicates Appellant delivered copies of the brief and legal file to the County Prosecutor involved in this case.

searching for the basis of claimed error." *Bradley*, 8 S.W.3d at 906. Nevertheless, "we are naturally reluctant to decline appellate review in a criminal case for briefing deficiencies." *Nunley*, 103 S.W.3d at 377. However, to conduct an appropriate review, this Court must be furnished with an adequate record for its review so that we are not forced to speculate on the facts and the exact claim of Appellant. *See id.* Here, as best we can determine, the basis of Appellant's argument is that the amended judgment and sentence entered by the plea court was not in keeping with the plea agreement Appellant had with the prosecuting attorney and that, as such, Appellant should have been granted the opportunity to withdraw his guilty plea by the plea court, in accordance with Rule 24.02(d)(4).

We observe that while a docket entry supplied to us refers to a written plea agreement, the record presented does not reveal a written plea agreement. When Appellant references a plea agreement in the argument portion of his brief, he directs the Court's attention to his "Petition to Enter Plea of Guilty." The "Petition to Enter Plea of Guilty" states that "[Appellant] represents to the Court [that] .... [t]he Prosecuting Attorney has promised me that if I plead GUILTY, he will do the following: recommend a five year sentence under 217.362." This is not a plea agreement, but rather, Appellant's assertion that a plea agreement exists and the terms of that agreement.

■ We are without a transcript of the plea hearing that would reveal to us the exact terms of any plea agreement reached by the parties. Prior to accepting a defendant's guilty plea, the plea court must "first inquir[e] whether there is a plea agreement and, if there is one, requir[e] that it be disclosed on the record in open court ... at the time the plea is offered."

*Schellert v. State*, 569 S.W.2d 735, 739 (Mo. banc 1978); *see also State ex rel. Nixon v. Jaynes*, 61 S.W.3d 243, 245 (Mo. banc 2001); Rule 24.02(d)(2). The plea court must explicitly identify the terms of the plea agreement before accepting the defendant's guilty plea. Rule 24.02(d)(2).

We are unable to determine the merit of Appellant's claim without a transcript of the plea hearing, and Appellant did not file a transcript in this case. While there is not an absolute requirement for the filing of a transcript, Rule 30.04(a) states, "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." *See also State v. Forister*, 823 S.W.2d 504, 508 (Mo.App.1992). The rule separates the record on appeal into the "legal file" and the "transcript." Rule 30.04(a). "The transcript shall contain the portions of the proceedings and evidence not previously reduced to written form." *Id.*

■ "The burden of presenting a proper record of the proceedings under Rule 30.04 is on the appealing party." *State v. Tatum*, 807 S.W.2d 126, 127 (Mo. App.1991); *see also Jackson v. State*, 514 S.W.2d 532, 533 (Mo.1974); *Arnold v. State*, 789 S.W.2d 525, 526 (Mo.App.1990). "The transcript on appeal must contain all the necessary material to make a determination of the issues raised, and where such information is not included, there is nothing for the appellate court to review because the appellate court is unable to determine if the trial court erred." *Arnold*, 789 S.W.2d at 526.

Had we been provided with a transcript of the plea hearing, we would be able to determine the terms of the plea agreement and make a determination as to whether the amended judgment and sentence of the

trial court was in conflict with that agreement. Without the transcript, we are unable to conclude such a plea agreement ever existed, much less the terms of the agreement.

Given Appellant's failure to comply with the rules and provide this Court with a complete record on appeal, we are unable to give meaningful review to Appellant's claim of error. *See id.; Nunley,* 103 S.W.3d at 377; *Bradley,* 8 S.W.3d at 906. Appellant's appeal is dismissed.

PREWITT and GARRISON, JJ., concur.