**Jonathan D. SMITH, Appellant,**

v.

**Michael BOWERSOX, Respondent.**

**No. SD 30056.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 30, 2010.

Application for Transfer Denied
Sept. 7, 2010.

---

Jonathan D. Smith, Jefferson City, pro se.

Chris Koster, Atty. Gen., Arax Ruth Corn, Jefferson City, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Jonathan D. Smith ("Appellant") filed a petition in the circuit court alleging numerous allegations against Michael Bowersox ("Respondent"). The caption of the petition purports to assert claims for "negli-

gence, criminal negligence, reckless driving, respondeat superior, tampering with mail, conspiracy & forgery [sic]." Respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 55.27(a).[1] The trial court sustained the motion and dismissed the petition with prejudice. This appeal followed. We affirm the trial court's judgment.[2]

### Factual and Procedural History

Appellant filed his petition in the Texas County Circuit Court on January 30, 2009. Appellant alleged Respondent was the superintendent at South Central Correctional Center, and asserted various allegations in the 22–page petition, with 370 pages of attachments. On March 30, 2009, Respondent filed his motion to dismiss Appellant's petition for failure to state a claim upon which relief can be granted. The trial court sustained Respondent's motion on June 2, 2009.

### Standard of Review

We review *de novo* the trial court's decision to dismiss a petition for failure to state a claim because the procedure does not involve the resolution of a factual dispute but "is solely a test of the adequacy of the petition." *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 197 (Mo.App. E.D.2009). "[W]e accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and we construe all allegations favorably to the pleader." *Id.* We will affirm the dismissal "if it is supported by any ground, regardless of whether the trial court relied on

---

1. All rule references are to Missouri Court Rules (2010).

2. The trial court's judgment refers to Respondent only. Appellant's petition names Respondent, but refers to "Defendants" in the plural. Only one summons was issued and served. While Appellant's brief also makes vague references to "Defendants," we are of the opinion the trial court's judgment naming only one defendant is accurate.

that ground." *France v. Podleski*, 303 S.W.3d 615, 618 (Mo.App. S.D.2010).

### Analysis

Appellant contends the trial court erred in sustaining the motion to dismiss, although Appellant's points are multifarious without complete explanation. The issue presented to this Court is whether the trial court's decision to sustain the motion to dismiss was correct.

■ Initially, we note that Appellant's brief is deficient because it does not comply with most, if not all, of the provisions of Rule 84.04. Appellant is self-represented before this Court; however, all appellate briefs are required to comply with Rule 84.04, regardless of whether Appellant is represented by counsel. *Carden v. City of Rolla*, 290 S.W.3d 728, 729 (Mo. App. S.D.2009).

■ We have the discretion to dismiss this appeal because of Appellant's failure to comply with Rule 84.04. *Emig ex rel. Emig v. Curtis*, 117 S.W.3d 174, 177 (Mo. App. W.D.2003). However, we are hesitant to dismiss an appeal unless the deficiency affects the disposition of the appeal on its merits. *Id.* In this case, our review is limited to the adequacy of the petition as challenged by the motion to dismiss. Because we review that issue *de novo* the deficiencies in the brief do not substantially impede appellate review. The Appellant's brief is sufficient to the extent that it asserts the trial court erred by dismissing his petition for failure to state a claim because he believes it did state a claim upon which relief can be granted.

Rule 55.05 states, in pertinent part, that "[a] pleading that sets forth a claim for relief ... shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief. ..."

■ Appellant's factual allegations directly against Respondent were that Respondent had "been informed of all the details concerning this matter," that "[Respondent] is also known for losing evidence," and that Respondent has "shown official misconduct which is a public officer's corrupt violation of assigned duties by malfeasance, or nonfeasance, misbehavior in office as a superintendent at S.C.C.C." These factual allegations are either too vague or conclusory to show that Appellant is entitled to relief from Respondent for negligence, criminal negligence, reckless driving, tampering with mail, conspiracy, or forgery. There is no short and plain statement of facts showing Appellant is entitled to relief.

■ We next turn to allegations of Respondent's liability utilizing the doctrine of *respondeat superior*. We note Respondent's liability is limited because he is a public officer:

> It is well-settled law that public officers are not responsible for acts of subordinate officials, if such subordinates are themselves employees of the government, where there is no negligence on the part of such public officials in employing them, unless the superior officer has directed or encouraged or ratified such acts, or has personally co-operated therein. . . .

*Davis–Bey v. Missouri Dept. of Correction*, 944 S.W.2d 294, 298–299 (Mo.App. W.D.1997)(quoting *Jackson v. Wilson*, 581 S.W.2d 39, 46 (Mo.App. W.D.1979)).

Appellant's initial claims here, based upon negligence, criminal negligence, and reckless driving, stem from an automobile accident on April 29, 2003. Appellant alleged in his petition that he and other inmates were transported by the Missouri Department of Corrections from a facility in Bowling Green, Missouri, to a facility in Licking, Missouri. Appellant alleged that

the van he was a passenger in was struck in the rear by another vehicle operated by the Department when it stopped at a stop light.

Appellant does not allege that Respondent was driving either of the vehicles or that he negligently employed the drivers. Appellant also does not allege that Respondent directed, encouraged, or ratified the actions of the drivers of the vehicles or that he personally co-operated with them. There is no allegation or facts showing Appellant is entitled to relief. Therefore, Appellant's petition failed to state a claim against Respondent for negligence, criminal negligence, or reckless driving.

■ Appellant next claims injury based upon tampering with mail, and forgery. Appellant alleged that several unnamed guards took stamps from him during a search of his cell, that the Education Supervisor would not let him mail an exam for a class he was taking, and that the mail room forged his name on a "Certified Return Receipt Card."

Again, Appellant's petition did not allege that Respondent was personally involved in any of those actions. Neither did it allege that Respondent negligently employed the guards, Education Supervisor, or mail room staff. Finally, Appellant's petition did not allege that Respondent directed, encouraged, or ratified their acts or that he personally co-operated with them. There is no allegation of facts showing Appellant is entitled to relief. Appellant's petition, therefore, failed to state a claim against Respondent for tampering with mail or forgery.

■ Lastly, we turn to Appellant's claim of conspiracy. Appellant's petition recites the elements for a "Civil Conspiracy Action," but does not state who was involved in the conspiracy, what they were conspiring to do, or specifically when it took place.

The petition does not contain a short and plain statement of facts showing that Appellant is entitled to relief. Thus, Appellant's petition failed to state a claim against Respondent for conspiracy.

The trial court's decision to dismiss Appellant's petition is affirmed.

SCOTT, C.J., and BATES, J., concur.