

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| CITY OF ST. LOUIS, | ) | No. ED102668 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1422-CR01277 |
| | ) | |
| ROLAND HILL, | ) | Honorable Michael W. Noble |
| | ) | |
| Appellant. | ) | Filed: March 1, 2016 |

Roland Hill ("Appellant") appeals the judgment of the Circuit Court of the City of St. Louis ("circuit court"), entered after a bench trial, finding him guilty of three municipal ordinance violations for failing to comply with the property maintenance code of the City of St. Louis ("the City") and sentencing him to pay a $1,500 fine plus court costs. This matter was before the circuit court for a trial de novo following Appellant's bench trial in the St. Louis City Municipal Division ("municipal division"), where Appellant was found guilty of the same municipal ordinance violations[1] and was also sentenced to pay a fine plus court costs. Because Appellant has failed to file a transcript of the underlying proceedings as required by Rule 30.04,[2] and because our Court cannot take judicial notice of or otherwise recognize the municipal ordinance of which Appellant was found guilty, we dismiss his appeal.[3]

---

[1] As explained below, the municipal division also found Appellant guilty of a fourth municipal ordinance violation which was dismissed in the trial de novo.

[2] Unless otherwise indicated, all references to Rules are to Missouri Supreme Court Rules (2015).

[3] We deny Appellant's motion for plain error review, which was taken with the case. For the reasons discussed below in Section II.A., we partially deny and partially grant the City's motion to strike Appellant's brief and dismiss his appeal, which was taken with the case.

## I.     BACKGROUND

In May 2013, the City charged Appellant with committing four municipal ordinance violations for failing to comply with the City's property maintenance code. After holding a bench trial, the municipal division entered a judgment on March 27, 2014 finding Appellant guilty of all four charges and sentencing him to pay a $2,000 fine plus court costs. Five days later, Appellant filed a timely application for a trial de novo[4] and requested a jury trial. After holding a hearing on the record on May 16, 2014, the circuit court denied Appellant's request for a jury trial in the trial de novo.

On July 18, 2014, the trial de novo took place. The circuit court held a bench trial on the record, at which Appellant appeared pro se and an attorney appeared on behalf of the City. One of the four ordinance violation charges against Appellant was dismissed, and the circuit court ultimately entered a judgment finding Appellant guilty of three municipal ordinance violations for failing to comply with the City's property maintenance code and sentencing him to pay a $1,500 fine plus court costs.[5] This appeal followed.

## II.     DISCUSSION

Appellant raises four points on appeal. Appellant's first point on appeal alleges the City failed to provide him with proper notice of his alleged ordinance violations. Appellant's second point on appeal claims the City committed a discovery violation and the circuit court erred in making a discovery-related ruling at the trial de novo. Appellant's third point on appeal maintains the circuit court erred in denying his request for a jury trial in the trial de novo. Finally, Appellant's fourth point on appeal contends the circuit court erred in denying him the opportunity to present evidence at the trial de novo in support of his affirmative defenses.

---

[4] *See* section 479.200.2 RSMo 2000 (providing an application for a trial de novo shall be filed within ten days after a municipal division enters a judgment).

[5] We note that after the circuit court entered an initial judgment, there was a lengthy procedural posture which took place prior to this appeal which is unnecessary to discuss in detail for purposes of this opinion.

2

**A.     The City's Motion to Strike Appellant's Brief and Dismiss His Appeal**

Before we can possibly consider the merits of Appellant's points on appeal, we must determine whether the City's motion taken with the case is dispositive.  The City's motion requests our Court to strike Appellant's brief and to dismiss his appeal because, (1) Appellant's brief allegedly fails to comply with Rules 30.06 and 84.04; and (2) Appellant's record on appeal allegedly fails to comply with Rule 30.04.

An appeal from a trial de novo of a municipal ordinance violation is governed by the rules for an appeal of a misdemeanor conviction.  *City of Springfield v. Rogers*, 867 S.W.2d 692, 693 n.2 (Mo. App. S.D. 1993).  Accordingly, Rules 30.06, 84.04, and 30.04 govern this appeal.  *See id*. at 693, 693 n.1 (holding a former version of Missouri Supreme Court Rule 30.06 applied to an appeal from a trial de novo of a municipal ordinance violation); Rule 30.06(c) (stating briefs "shall be prepared as provided in Rule 84.04"); *State v. Creech*, 983 S.W.2d 169, 170, 171 (Mo. App. E.D. 1998) (holding a former version of Missouri Supreme Court Rule 30.04 applied to a misdemeanor conviction).

**1.     Appellant's Alleged Failure to Comply With Rules 30.06 and 84.04**

First, the City argues we should strike Appellant's brief and dismiss his appeal because the statement of facts, points relied on, and argument portions of Appellant's brief do not comply with Rules 30.06 and 84.04.  The City specifically alleges Appellant's brief fails to comply with Rules 30.06 and 84.04 because, (1) Appellant's statement of facts "is not a fair and concise statement of the relevant facts and does not contain specific page references to the record as required by Rule 84.04[(c)]"; (2) Appellant's points relied on "do not identify the specific ruling or action challenged, state concisely the legal reasons for each claim of reversible error, explain why the legal reasons support a claim of reversible error, or substantially comply with the format required by Rule 84.04(d)"; and (3) the argument portions of Appellant's brief "do not restate the

3

applicable point relied on or contain a concise statement of the applicable standard of review for each claim of error" as required by Rule 84.04(e). *See* Rule 30.06(c) (providing "[t]he statement of facts, points relied on, [and] argument . . . shall be prepared as provided in Rule 84.04").

Where, as in this case, an appellant is appearing pro se in an appeal, he is still generally held to the same standard as a licensed attorney. *Emig ex rel. Emig v. Curtis*, 117 S.W.3d 174, 177 (Mo. App. W.D. 2003); *Gray v. White*, 26 S.W.3d 806, 815 (Mo. App. E.D. 1999). Accordingly, a pro se appellant must substantially comply with the requirements of Rule 84.04, including those referenced above. *Emig ex rel. Emig*, 117 S.W.3d at 177; *Gray*, 26 S.W.3d at 815. Nevertheless, "[w]e will not exercise our discretion to dismiss an appeal for technical deficiency under Rule 84.04 unless the deficiency impedes disposition on the merits." *Emig ex rel. Emig*, 117 S.W.3d at 177 (quoting *Gray*, 26 S.W.3d at 816).

In this case, although Appellant's brief contains some technical deficiencies under Rule 84.04, we are able to ascertain the issues and arguments. Accordingly, we decline to strike Appellant's brief and dismiss his appeal on the grounds it fails to technically comply with Rules 30.06 and 84.04, and therefore, we deny this portion of the City's motion taken with the case. *See Gray*, 26 S.W.3d at 816 (similarly holding).

### 2. Appellant's Alleged Failure to Comply With Rule 30.04

For the City's second and final argument in support of its motion taken with the case, it alleges Appellant has failed to comply with Rule 30.04 because he has failed to file the transcript of the underlying proceedings.

Rule 30.04(a) provides, in relevant part, "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . it is divided up into two components, i.e., the 'legal file' and the 'transcript.'" "The legal file shall . . . contain clearly reproduced exact copies of the . . . portions of the trial record previously

4

reduced to written form," and the "[t]he transcript shall contain the portions of the proceedings and evidence not previously reduced to written form." *Id*.

Because it is an appellant's burden to demonstrate error, it is his duty to provide an appellate court with a complete record of the underlying proceedings which is necessary to determine the issues he raises on appeal. Rule 30.04(a),(c), and (f); *State v. Hackler*, 122 S.W.3d 132, 135 (Mo. App. S.D. 2003); *State v. Adams*, 927 S.W.2d 483, 484 (Mo. App. W.D. 1996); *Arnold v. State*, 789 S.W.2d 525, 526 (Mo. App. E.D. 1990). Moreover, where an appellant's failure to file a complete record on appeal results in an appellate court being unable to give meaningful review to his claims of error, his appeal will be dismissed. *See Hackler*, 122 S.W.3d at 135-36; *Adams*, 927 S.W.2d at 484; *Arnold*, 789 S.W.2d at 526.

As stated above, Appellant raises four points on appeal, claiming, (1) the City failed to provide him with proper notice of his alleged ordinance violations; (2) the City committed a discovery violation and the circuit court erred in making a discovery-related ruling at the trial de novo; (3) the circuit court erred in denying his request for a jury trial in the trial de novo; and (4) the circuit court erred in denying him the opportunity to present evidence at the trial de novo in support of his affirmative defenses.

Appellant has filed a legal file with our Court as part of the record on appeal. However, he has failed to file a transcript of the May 16, 2014 hearing on his request for a jury trial in the trial de novo, and he has failed to file a transcript of the trial de novo.

In addition, Appellant has not included the municipal ordinance of which he was found guilty as part of the record on appeal.[6] Further, because the transcript of the trial de novo was not filed with our Court, we cannot determine whether the municipal ordinance of which

---

[6] A municipal ordinance may be included in the transcript on appeal or filed separately with the appellate court as an exhibit. *See City of Kansas City v. Narron*, 493 S.W.2d 394, 401 (Mo. App. 1973).

Appellant was found guilty was admitted into evidence during the underlying proceeding, and nothing in the record reflects the ordinance was stipulated to by the parties. Under these circumstances, we cannot take judicial notice of or otherwise recognize the ordinance at issue in this case. *See State ex rel. Sir v. Gateway Taxi Management Co.*, 400 S.W.3d 478, 488 (Mo. App. E.D. 2013) ("[w]e cannot take judicial notice of ordinances that . . . are not in the record on appeal"); *Nigh v. City of Savannah, Mo.*, 956 S.W.2d 451, 454 (Mo. App. W.D. 1997) ("[n]either trial nor appellate courts will take judicial notice of municipal ordinances and … they may be recognized by the Court only if admitted into evidence or stipulated to by the parties") (quotations omitted).

We acknowledge that securing transcripts and a complete record of the underlying proceedings would cost Appellant both time and money, and we are sympathetic to the fact that it may be difficult for some appellants, including those who are pro se, to carry that burden. Nevertheless, it is Appellant's duty to provide our Court with a complete record of the underlying proceedings, as it is necessary to determine the issues he raises on appeal. Rule 30.04(a),(c), and (f); *Hackler*, 122 S.W.3d at 135; *Adams*, 927 S.W.2d at 484; *Arnold*, 789 S.W.2d at 526. Because Appellant has failed to file a transcript of the May 16, 2014 hearing on his request for a jury trial in the trial de novo and the transcript of the trial de novo, and because our Court cannot take judicial notice of or otherwise recognize the municipal ordinance of which Appellant was found guilty, we are unable to give meaningful review to Appellant's claims of error. Accordingly, we partially grant the City's motion taken with the case and dismiss Appellant's appeal. *See Hackler*, 122 S.W.3d at 135-36; *Adams*, 927 S.W.2d at 484; *Arnold*, 789 S.W.2d at 526.

### III.     CONCLUSION

The appeal is dismissed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.