

# Missouri Court of Appeals
## Southern District

### In Division

WILLIE D. CLARK,                                )
                                                )
            Appellant,            )
                                                )   No. SD 37440
      v.                                 )
                                                )   **Filed:  September 5, 2024**
STATE OF MISSOURI,                              )
                                                )
            Respondent.           )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones, Judge

**<u>APPEAL DISMISSED</u>**

A Greene County jury found Appellant Willie Clark guilty of two counts of first-degree murder, one count of first-degree assault, and three counts of armed criminal action.[1]  On February 26, 2018, the trial judge sentenced Clark to life imprisonment on each count of first-degree murder; 100 years imprisonment on two of the counts of armed criminal action; life imprisonment on the count of first-degree assault; and fifty years imprisonment on the third count of armed criminal action.  Clark appealed; we affirmed in an unpublished order and

---

[1] Clark represented himself, without assistance of an attorney, for portions of the pretrial proceedings, for the entire trial, and on the motion for postconviction relief in the trial court.  He also proceeds *pro se* in this appeal.

statement.  Clark filed his *pro se* Motion to Vacate, Set Aside, or Correct the Judgment or Sentence on April 25, 2019.  On January 19, 2022, the trial court denied the motion without holding a hearing.  Clark now appeals the denial of that postconviction motion.  Because Clark's appellate brief fails to comply with the mandatory briefing requirements of Rule 84.04, and because the record on appeal is incomplete, we dismiss the appeal.

**Legal Principles**

Clark's appellate brief significantly fails to comply with the mandatory form and content requirements of Rule 84.04.[2]  ***State v. Minor***, 648 S.W.3d 721, 727 (Mo. banc 2022).  "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." ***Farr v. State***, 665 S.W.3d 394, 396 (Mo.App. 2023) (quoting ***State v. Hardin***, 229 S.W.3d 211, 212 (Mo.App. 2007)).  "We cannot comb the legal file for facts to better understand [Appellant's] argument, nor can we do so and remain steadfast to our role as the neutral arbiter of the case." ***Hicks v. Northland-Smithville***, 655 S.W.3d 641, 649 (Mo.App. 2022) (internal punctuation and citation omitted).  Deficient briefing preserves nothing for appellate review. ***State v. Murphy***, 665 S.W.3d 377, 380 (Mo.App. 2023).  Clark's *pro se* status "does not entitle him to preferential treatment regarding procedural rules." ***Wenzel v. State***, 185 S.W.3d 715, 718 (Mo.App. 2006).  "He is bound by the same procedures and rules as an attorney, including Supreme Court Rule 84.04 which sets forth the requirements for appellate briefs." ***Id.***

Furthermore, significant omissions from the record on appeal preclude our review.  It is the appellant's duty to prepare the record, which consists of the legal file and the transcript.  Rule

---

[2] All rule references are to Missouri Court Rules (2019).

81.12. "The record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented by either appellant or respondent to the appellate court for decision." Rule 30.04(a); *see also* **State v. Hackler**, 122 S.W.3d 132, 135 (Mo.App. 2003) ("The burden of presenting a proper record of the proceedings under Rule 30.04 is on the appealing party."). "[W]here an appellant's failure to file a complete record on appeal results in an appellate court being unable to give meaningful review to his claims of error, his appeal will be dismissed." **City of St. Louis v. Hill**, 488 S.W.3d 156, 160 (Mo.App. 2016).

### Discussion

In general, Clark's brief violates Rule 84.04 with its incomplete statement of facts, deficient points relied on, and deficient legal arguments. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Clark's statement of facts is conclusory and argumentative. We also note at the outset that Clark's incomplete record prevents us from performing our threshold inquiry of timeliness. "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue." **Dorris v. State**, 360 S.W.3d 260, 268 (Mo. banc 2012). Clark refers to the date of the mandate as both January 29, 2019, and February 14, 2019. The record on appeal does not contain the mandate denying Clark's direct appeal. Without this document in the record, we cannot independently verify the timeliness of Clark's initial 29.15 motion.

We now consider, in turn, each of Clark's points on appeal.

### *Point I*

In his first point on appeal, Clark argues the trial judge should have disqualified himself

3

from the case. This point on appeal is both multifarious and incomplete. Clark states:

> The motion court erred in denying Mr. Clark's Rule 29.15 motion for post-conviction relief because the record proved by a preponderance of the evidence, that he was denied his right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1 Section 10 of the Missouri Constitution in that the motion court, (1) failed to disqualify itself from Mr. Clark's trial; (2) failed to disqualify itself upon a proper application; and (3) denied the application without conducting a proper hearing, in violation of Mr. Clark's due process right guarantees of the Fourteenth Amendment to the United States Constitution and Article I Section 10 of the Missouri Constitution. This Court should vacate the sentence and remand the cause for a new trial.

By pointing to three actions of the trial court that he claims were erroneous, Clark rendered this point multifarious. "Rule 84.04(d) 'requires separate points to challenge separate rulings or actions.'" *Lewis v. State*, 661 S.W.3d 9, 14 (Mo.App. 2023) (quoting *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505-06 (Mo. banc 2022)). "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Lewis*, 661 S.W.3d at 14 (quoting *Lexow*, 643 S.W.3d at 505-06). The point is further deficient in that it states no reason or basis for disqualification. *Hackler*, 122 S.W.3d at 134 ("Merely stating what the alleged errors are, without stating why they are errors, does not satisfy the requirements of the rule and preserves nothing for review.").

Clark's argument under Point I is also deficient. He makes conclusory, vague, and unsupported allegations of impropriety and partiality. *White v. State*, 192 S.W.3d 487, 489-90 (Mo.App. 2006) ("conclusory arguments and speculation" that are "bereft of meaning and clarity" do nothing to support movant's argument). In support of his point, Clark quotes a portion of the trial record regarding the trial judge's ruling that the gun and live ammunition that constituted an exhibit would not be passed to the jury. Clark fails to explain how the trial court's handling of the exhibit indicates the judge was biased or otherwise prejudiced against him. In

4

short, Clark's argument on this point demonstrates no legal nexus between safeguarding the gun and ammunition on the bench after admitting them into evidence (which appears to be the factual portion of his claim) and the trial judge's failure to disqualify himself. This would require us to scour the record and construct an argument for him. *Farr*, 665 S.W.3d at 396. "This is not an appropriate function for an appellate court and is something we cannot and will not do." *Id.* (quoting *State v. Thomas*, 590 S.W.3d 441, 446 (Mo.App. 2019)). Point dismissed.

### *Point II*

Clark states the trial court erred by failing to issue findings of fact and conclusions of law as required by 29.15(j). In order for us to rule on this claim, Clark needed to preserve his argument by filing a motion to amend the judgment under Rule 78.07(c) raising the claim in the trial court. The purpose of such a motion in the context of postconviction review is to "prevent[] delay by bringing errors to the attention of the motion court at a time when those errors can be easily corrected." *Atchison v. State*, 420 S.W.3d 559, 561 (Mo.App. 2013). If a movant fails to seek amendment of the judgment, "his argument that the motion court clearly erred in denying his claim without findings and conclusions is not preserved for appellate review." *Id.* at 562. "The appropriate course of action in such circumstances is to dismiss the point and affirm the motion court's judgment." *Id.*

Here, Clark claims that he filed a motion to amend the judgment "asking the motion court to issue a finding of facts and conclusions of law . . . ." An entry appears in the trial court's docket sheet, which is part of the record on appeal, stating that on April 4, 2022, the trial court received from Clark a "Motion to Amend the Judgment in Order to Preserve for Appellate Review." The motion itself, however, does not appear in the record on appeal. We cannot accept Clark's mere

5

assertion of his motion's contents.  The motion must appear in the record for our review.  In its absence, we cannot confirm that it raised or sought relief regarding the trial court's failure to issue findings of fact and conclusions of law, and consequently, whether Clark preserved his claim for appellate review.  *See Hill*, 488 S.W.3d at 160.  Moreover, the State points out that the April 4, 2022, Motion to Amend the Judgment was untimely.  Rule 78.04 requires that such a motion be filed "not later than thirty days after the entry of judgment."  The court's judgment was entered on January 19, 2022, which gave Clark until February 18, 2022, to file a motion under Rule 78.04.  He did not file the motion until April 4, 2022, which was 45 days late.  Thus, Clark's attempts to preserve this issue for appeal were insufficient.  Point dismissed.

### *Point III*

In his third point on appeal, Clark argues he was prejudiced by his court-appointed public defender's failure to withdraw from representing Clark upon learning that the same attorney had once represented the victim.  The point relied on is deficient because it fails to state how Clark was prejudiced, and it fails to conform to the format required in 84.04(d):  "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."  The point contains no "in that" statement describing the prejudice that resulted from the attorney's failure to disqualify himself from the case.  Further, Clark's argument is insufficient because it makes conclusory allegations, but provides no factual support for Clark's conclusions.  The argument fails to explain how the attorney's alleged prior representation of the victim caused prejudice to Clark in this case, especially when considered in light of the fact that Clark represented himself during portions of the pretrial proceedings and all

6

of the trial.  Point dismissed.

## Point IV

In his final point, Clark claims he received ineffective assistance of counsel from the attorney who represented him on direct appeal.  As stated above, the record contains neither the mandate from this court nor the appellate briefs.  In fact, nothing was submitted in the record regarding the direct appeal.  Consequently, Clark left us completely unable to review this claim, and we must dismiss it.  *See Hill*, 488 S.W.3d at 160.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R. GROWCOCK, C. J. – CONCURS