

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112699 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | Cause No. 2322-CR00638-01 |
| | ) | |
| DAVID THOMPSON, | ) | Honorable Madeline O. Connolly |
| | ) | |
| Appellant. | ) | FILED: April 22, 2025 |

Opinion

David Thompson (Thompson) appeals from the trial court's judgment following a jury

verdict convicting him on one count of the class E felony of abandonment of a corpse, for which

he was sentenced to thirty days in prison and a $400 fine. Thompson raises two points on

appeal. Thompson first challenges the sufficiency of the evidence. Specifically, he argues the

State did not prove beyond a reasonable doubt that Thompson failed to properly report the

location of the body to law enforcement, as required by § 194.425,[1] due to Thompson's 911 call.

Second, Thompson contends the trial court erred in sustaining the State's motion to reconsider

his request to have the grand jurors attend the trial. Under § 540.300, Thompson argues justice

required allowing the grand jurors to watch the trial and attest to whether the law enforcement

officer omitted that Thompson called 911 when testifying before the grand jury for purposes of

---

[1] All statutory references are to RSMo (2016).

impeaching the officer's trial testimony and as substantive evidence. Because Thompson has not provided us with a sufficient record by submitting an incomplete trial transcript, we must dismiss the appeal.

## Discussion

"The record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented by either appellant or respondent to the appellate court for decision." Rule 30.04(a).[2] The record on appeal "is divided into two components: the legal file and the transcript." *Id.* The form, content, and filing of the transcript shall conform to Rule 81.12. Rule 30.04(c)(2). Regarding what matters must be included in the transcript, "[t]he transcript shall contain the portions of the proceedings and evidence not previously reduced to written form and necessary to determination of the issues on appeal." Rule 81.12(c)(2).

Thompson bears the responsibility for ensuring this Court receives the ***complete*** record of the underlying proceedings necessary to resolve the issues raised on appeal, which includes a transcript of any relevant proceeding. *State v. Hinton*, 561 S.W.3d 433, 434 (Mo. App. W.D. 2018) (citing *State v. Sumowski*, 794 S.W.2d 643, 646 (Mo. banc 1990); Rule 30.04(c)); *City of St. Louis v. Hill*, 488 S.W.3d 156, 160 (Mo. App. E.D. 2016) (internal citations omitted). "[W]here an appellant's failure to file a complete record on appeal results in an appellate court being unable to give meaningful review to his claims of error, his appeal will be dismissed." *Hill*, 488 S.W.3d at 160 (internal citations omitted).

Thompson filed only a portion of the transcript in this case along with a recording of the 911 call. The filed portion includes only argument by counsel and sentencing; it includes no

---

[2] All Rule references are to Mo. Sup. Ct. Rules (2025).

testimony adduced at trial. Had we been provided with a transcript of the trial, we would be able to evaluate Thompson's claim that the State adduced insufficient evidence to support his conviction. *See Hinton*, 561 S.W.3d at 434 (dismissing an appeal challenging the sufficiency of the evidence for failure to submit the trial transcript). Regarding Thompson's second point relied on, we find our review fatally impaired by the lack of a trial transcript, inasmuch as we cannot assess from the limited record whether justice required granting Thompson's request to have the grand jurors attend the trial. *See State v. McGee*, 757 S.W.2d 321, 326 (Mo. App. W.D. 1988) (citing § 540.300). We cannot evaluate a claim as to the substance and impeachment value relating to the officer's trial testimony without the record of that testimony. A record of argument by counsel that refers to that testimony is insufficient. *See Hill*, 488 S.W.3d at 160–61 (dismissing an appeal challenging, among other things, whether the circuit court erred in denying an opportunity to present evidence at the trial *de novo* in support of affirmative defenses, and whether the ordinance at issue was properly introduced at that trial, because the appellant failed to submit the trial *de novo* transcript); *State v. Hackler*, 122 S.W.3d 132, 135–36 (Mo. App. S.D. 2003) (finding a movant's failure to attach a transcript of the plea hearing impaired meaningful review of an alleged error with respect to the plea agreement).

Thompson had ample opportunity to correct this deficiency. Thompson was alerted to the deficiency of his transcript for reviewing his claims by the State in its respondent's brief. Thompson did not address the issue in his reply brief, nor did he request to supplement the record. *See Hinton*, 561 S.W.3d at 434 (citing Rule 30.04(d)). Accordingly, we must dismiss the appeal because the incomplete record does not permit meaningful review. *See* Rule 30.04; *Hill*, 488 S.W.3d at 160 (internal citations omitted).

<u>Conclusion</u>

The appeal is dismissed.

3

Rebeca Navarro-McKelvey, J.

Lisa P. Page, P.J. and
Virginia W. Lay, J., concur.