**ESTATE OF Kayla Marie CASTEEL, Minor, Plaintiff, Betsy G. Casteel,, Appellant,**

v.

**GUARDIAN AD LITEM, Respondent.**

**No. WD 57185.**

Missouri Court of Appeals, Western District.

May 16, 2000.

William P. Cronan, Columbia, for appellant.

Mick D. Wilson, Ashland, for respondent.

Before: Presiding Judge HAROLD L. LOWENSTEIN, Judge JAMES SMART and Judge THOMAS NEWTON.

HAROLD L. LOWENSTEIN, Presiding Judge.

The issue raised in this appeal is whether letters of guardianship to a parent for her minor child, must terminate when the child turns eighteen. Though not raised, there is a more fundamental question of jurisdiction in the trial court to grant a parent letters of guardianship of a minor child. Appellant mother applied for guardianship over her minor daughter. The trial court granted letters of guardianship of a minor but held the guardianship would terminate upon the minor's eighteenth birthday. Mother filed this appeal because the court failed to extend the guardianship past the child's eighteenth birthday. The dispositive question here, however, is whether there is statutory authority for Appellant to receive letters of guardianship of a minor for her child.

## FACTS

Kayla Marie Casteel, born June 15, 1982, is the adopted daughter of Appellant Betsy G. Casteel and Don Casteel, who is not a party to this suit. Kayla suffers from reactive attachment disorder and bipolar disorder. In the words of her psychiatrist, "Kayla has been having significant mood swings, unpredictable behavior, constant defiance, disobedience, and lack of accepting personal responsibility...She will not take personal responsibility for taking her medication...She requires consistent supervision by an adult caretaker."

On March 17, 1999, Kayla's mother, Appellant Betsy Casteel, filed a "Petition for Appointment of Guardian and/or Conservator" in the trial court. Appellant requested to be appointed guardian/conservator for Kayla due to Kayla's "mental illness." Appellant reasoned that, "[Kayla] is unable to manage her finances or herself, and needs a guardian/conservator to look out for her interest." Appellant asked the court to find Kayla was incapacitated and/or disabled. Additionally, Appellant filed a like petition for Kayla's brother David, born April 16, 1981, and later adopted by Appellant. In a letter from the deputy clerk, the court refused to accept Appellant's petitions. The letter detailed that since both children were under 18 years of age, petitions specifically designated for minors needed to be filed. Consequently, Appellant re-filed "Petition for Appointment of Guardian and/or Conservator of Minor" for both the children. The allegations contained therein were nearly identical to those alleged in the initial petitions. However, the minor petitions did not provide for a finding of incapacity or disability.

The minors were appointed a guardian ad litem and the matter was set for hearing on April 12, 1999. At the hearing, the court expressed that in dealings with a minor, the court will only appoint a guardian on the basis that the individual is in fact a minor. The court would not consider appointing a guardian to a minor on the basis of incapacity or disability. The court stated, "as far as adjudicating based on mental disease or illness or any other matter of that, for children, we don't." The court stated that it would appoint guardians for the two minors but that the guardianships would terminate upon each minor's eighteenth birthday, when each reached the age of emancipation. Since David was nearly eighteen, and in order to avoid a short guardianship period prior to termination, the court continued his guardianship proceeding until his eighteenth birthday. As to Kayla, the court granted Appellant guardianship letters that are to terminate upon Kayla's eighteenth birthday, June 18, 2000. Additionally, as there was no evidence of property owned or income received by the minor, the court denied Appellant's conservator appointment request.

## ANALYSIS

Appellant's single point relied on is that the trial court erred in refusing to issue letters of guardianship for a minor child that would continue beyond that minor's eighteenth birthday. Appellant claims that Missouri's statutory scheme permits the court to find a minor disabled and/or incapacitated and to issue letters of guardianship upon that basis which would not terminate upon the minor's majority birthday. Specifically, Appellant wrote:

> The Court erred in declining to accept jurisdiction to order a guardianship for a disabled minor that would continue beyond the age of majority because the statutes permit such an order and the evidence presented clearly shows the Appellant is entitled to such an order.

As detailed above, Appellant originally filed with the court, petitions for letters of guardianship based upon disability or incapacity. However, the clerk of court requested Appellant change the petitions to those designated for guardianship of a minor, and Appellant complied without objection. There is nothing in the record to indicate that the clerk was acting by order of the court. At the hearing, the following exchange took place between the judge and Appellant's counsel:

> The Court: ...if an individual is under 18, they are minors...as far as adjudicating based on mental disease or illness or any other matter of that, for children, we don't.

> Counsel: *That isn't what I asked the Court to do...*

By counsel's own admission, Appellant was not requesting the court to grant letters of guardianship based on disability or incapacity. Since Appellant acquiesced in the clerk's request, rather than challenging it when she filed her amended petition based solely on minority, that issue was not before the court, and Appellant cannot now appeal on that basis of error. An appellate court will not convict a trial court of error on an issue that was never presented to it for consideration. *McMahan v. Missouri Dept. of Social Services, Div. Of Child Support Enforcement,* 980 S.W.2d 120, 127 (Mo.App.1998) citing *Guzzardo v. City Group, Inc.,* 910 S.W.2d 314, 317 (Mo. App.1995). When Appellant filed her amended petition, she thereby abandoned her original petition, and it may not be considered for any purpose. *Evans v. Eno,* 903 S.W.2d 258, 260 (Mo.App.1995). This court finds Appellant failed to preserve this issue for review. Additionally, the court recognizes it is unclear whether or not a party can request letters of guardianship over a *minor* child based on disability or incapacity. *See* Mo. Practice, Probate Law and Practice, Chapter 35, § 1890. However, due to this court's holding that that issue was not before the trial

court, the uncertainty need not now be resolved.

 The only petition before the court for its consideration, was a petition for guardianship based solely on the minority of the child. Only the court's actions as to that petition may be reviewed by this court. § 475.030.4, RSMo 1994[1], details when letters of guardianship of the person of a minor may be granted. It provides for guardianship under one of three circumstances:

(1) Where a minor has no parent living;

(2) Where the parents or the sole surviving parent of a minor are unwilling, unable or adjudged unfit to assume the duties of guardianship;

(3) Where the parents or the sole surviving parent have had their parental rights terminated under chapter 211, RSMo.

In *Reece v. Reece*, 890 S.W.2d 706, 710 (Mo.App.1995), this court held:

letters of guardianship for a minor should not issue unless there is no parent available, willing or able to fulfill the parental role in caring for a child and providing for that child's needs as natural guardian. It is only when no natural guardian is fulfilling the parental duties and obligations is appointment of a statutory guardian necessary.

Based on the above, letters of guardianship for Kayla should not have been granted. None of the three circumstances listed in § 475.030.4 exists; Kayla's parents are both living, there has been no claim that the Appellant mother is unwilling, unable or unfit to be Kayla's guardian and Appellant's parental rights have not been terminated. The trial court lacked the jurisdiction under § 475.030.4 to grant letters to the Appellant for her minor child, rendering the letters void ab initio.

## CONCLUSION

 By § 475.030.4, letters of guardianship for a minor shall only issue if one of

three circumstances exist. None of those circumstances is present in this action, and no guardianship should have been granted. Although the mother's attempt here is commendable, the trial court lacked jurisdiction to grant letters to Appellant over her minor child. The Appellant should look to promptly file, on June 18, 2000, Kayla's eighteenth birthday, an application for letters of guardianship based upon her adult child's disability. The judgment granting letters of guardianship until June 18, 2000, is reversed.

All Concur.

1. All further statutory references are to the Revised Statutes of Missouri, 1994.