**In the Matter of Aaron J. FLYNN, a minor, Robert Dunard and Velma Dunard, Petitioners/Respondents,**

v.

**Michael FLYNN and Alice Flynn, Respondents/Appellants.**

No. ED 77242.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 28, 2000.

sidered and denied.

Joseph J. Porzenski, St. Charles, Joseph A. Brannon (Guardian ad Litem), Bowling Green, for appellant.

Amy J. Kinker, Troy, for respondents.

MARY RHODES RUSSELL, Judge.

Michael and Alice Flynn ("Father" and "Mother" or "Parents") appeal from a decision of the Lincoln County Circuit Court, Probate Division, appointing Robert and Velma Dunard ("Grandparents") as guardians and conservators of Parents' 16 year-old son ("Minor"). Parents allege that the probate court's decision was against the weight of the evidence, and there was no substantial evidence to support the decision. We reverse and remand in that there was no evidence that Parents were unwilling, unable, or unfit to assume the guardianship duties of Minor.

Grandparents filed a petition seeking appointment as guardians and conservators for Minor, their deceased daughter's child, who had been living with them for the previous two months pursuant to a temporary guardianship order. Parents are the natural father and adoptive mother of Minor. The court appointed a guardian ad litem ("GAL") to protect the interests of Minor.

Approximately four months prior to the guardianship hearing, the court ordered Parents to deliver to Grandparents all social security payments received on Minor's behalf, and further ordered Parents to request that the social security benefits be paid directly to Grandparents. Moreover, the court ordered Parents to deliver a

release and proof of health insurance to GAL.

When Parents failed to comply with any of the court's orders, Grandparents filed a motion for contempt. Grandparents also filed motions to compel answers to interrogatories and to compel compliance with a request for production of documents.

At the hearing on Grandparents' petition for guardianship, Grandparents moved to strike the pleadings and moved for a default judgment based upon Parents' failure to comply with discovery. The court, without receiving any evidence regarding the Parents' willingness, ability, or fitness to assume the duties of guardianship, struck the pleadings of Parents and appointed Grandparents permanent guardians and conservators over Minor. Parents timely filed their notice of appeal.

Parents' first point on appeal alleges that the court's order appointing Grandparents as guardians and conservators was against the weight of the evidence in that Grandparents failed to introduce any evidence that Parents were unwilling, unable, or unfit to assume the guardianship duties of Minor.

We must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Three statutes govern appointing a guardian for a minor child. Section 475.025 RSMo 1994[1] states that a father and mother are the natural guardians of a minor child. Section 475.030 authorizes the granting of guardianship letters in three instances: (1) when a minor's parents are deceased; (2) "[w]here the parents or the sole surviving parent of a minor are unwilling, unable, or adjudged unfit to assume the duties of guardianship," or (3) where the minor's parents' parental rights have been terminated. Section 475.045 gives the parents first pri-

ority in appointment as guardian or conservator of a minor, except as otherwise provided in section 475.030.

■ Reading these statutes together, "letters of guardianship for a minor should not issue unless there is no parent available, willing or able to fulfill the parental role in caring for a child and providing for that child's needs as natural guardian." *Estate of Casteel v. Guardian ad Litem*, 17 S.W.3d 585, 588 (Mo.App.2000) (*citing Reece v. Reece*, 890 S.W.2d 706, 710 (Mo. App.1995)).

■ Moreover, these statutes create a rebuttable presumption that a natural parent is the appropriate custodian for a minor child. *Cotton v. Wise*, 977 S.W.2d 263, 264 (Mo. banc 1998). This presumption may be overcome by evidence that a parent is unwilling, unable, or unfit to take charge of the child. *Id.*

■ The court awarded guardianship to Grandparents based upon a finding that Parents were unwilling, unable, or unfit to care for Minor. We must determine whether there was substantial evidence to support that finding of Parents' unwillingness, inability, or unfitness to care for Minor, thereby overcoming the presumption in Parents' favor.

After reviewing the transcript of the guardianship hearing, we find that there was no evidence presented to the court prior to its appointment of Grandparents as permanent guardians. The hearing began with Parents making a motion for continuance as Parents had not retained counsel. Parents also indicated that Minor was hospitalized after a near-fatal car accident 11 days earlier, and they were unable to proceed in court. The court denied the Parents' motion. Thereafter, Father walked out of the courtroom, leaving Mother to proceed pro se.

Without any evidence before it, the court granted Grandparents' motions and,

---

1. All further statutory references are to RSMo 1994.

thereby, struck the Parents' pleadings for failure to comply with discovery requests pursuant to Rule 61.01, and entered a default order appointing Grandparents as guardians and conservators. The court then heard evidence on Grandparents' motion for child support consisting of Mother's testimony about the family's monetary situation, and admitted into evidence a Form 14 offered by Grandparents. The court awarded child support retroactive to the filing of the motion.

The court next addressed the motion for contempt that was filed against Parents for their failure to comply with a court order to provide a medical release and proof of insurance on Minor. Testimony was elicited from Grandparents regarding information received from the hospital where Minor was a patient, that Minor's health insurance had been cancelled. Moreover, GAL testified that the insurance information provided by Father at the start of the guardianship hearing was no longer effective because the premiums were not paid. Mother further testified that she filled out the insurance application, but Father was to pay the bills on Minor's health insurance.

The court found Father in contempt and issued a warrant of commitment, but postponed finding Mother in contempt until it could be determined whether she actively participated in the withholding of the insurance information.[2]

There was no evidence presented whatsoever prior to the court appointing Grandparents as permanent guardians of minor. The small amount of evidence that was produced regarding the Form 14 and the proof of insurance was not indicative of Parents' unwillingness, inability, or unfitness to care for Minor. Certainly, the testimony adduced did not amount to the substantial evidence necessary to support the court's order.

---

**2.** At a subsequent hearing, Mother was found in contempt and a warrant of commitment was issued against her. Both Mother and Father filed Petitions for Writs of Habeas

Grandparents argue that, pursuant to Rule 61.01, the court is authorized to strike pleadings and enter a default judgment as a discovery sanction. The guardianship statutes are clear, however, that evidence of Parents' unwillingness, inability, or unfitness must be presented in order to overcome the presumption that the parents are the appropriate custodians for a minor child. The legislature has developed standards by which Missouri courts may abrogate or abridge the rights and prerogatives of natural parents, and we must observe these standards. *Cotton,* 977 S.W.2d at 265. Failure to comply with discovery requests does not amount to substantial evidence that Parents are unwilling, unable, or unfit to care for Minor. Point one is granted.

We do not address Parents' remaining points on appeal as they are moot in light of our disposition of the first point.

The judgment of the trial court is reversed and remanded.

HOFF, C.J., and AHRENS, J., concur.

Corpus with this court. We granted the Writs and discharged Mother and Father from incarceration on December 16 and December 20, 1999, respectively.