327 S.W.3d 1 (2010)
In the ESTATE OF: A.T.
No. ED 94089.
Missouri Court of Appeals, Eastern District, Division Three.
September 14, 2010.
Motion for Rehearing and/or Transfer to Supreme Court Denied December 13, 2010.
Regina Hayes, St. Louis, MO, pro se.
John J. Ammann and Marie Amendola Kenyon, St. Louis, MO, for respondent.
LAWRENCE E. MOONEY, Judge.
The maternal grandmother, Regina Hayes, appeals the order of the probate division of the Circuit Court of the City of St. Louis appointing the paternal grandmother, Sharond Thorpe, as statutory guardian for the minor child, A.T., and designating the paternal grandmother as representative payee of the minor's social-security benefits. Based on the record presented, we affirm the appointment of the paternal grandmother as statutory guardian. However, because a state court has no authority to designate a representative payee of a minor's social-security benefits, we modify the trial court's order to eliminate that provision. As modified, we affirm.
A.T. was born in 2004 to the mother, Shanay Branner, and the father, Brandon Thorpe. Shortly after A.T.'s birth, A.T. and her parents moved into the paternal grandmother's home. Early in 2005, the mother suffered a head injury in a motorcycle accident and spent several months in the hospital. When the mother left the hospital, she moved in with the maternal grandmother, with whom she continued to live at the time of trial. The mother underwent physical, occupational, and speech therapy, and was preparing to undergo more therapy at the time of trial, nearly five years after the accident. A.T. has not lived with her mother since the 2005 accident.
After the mother's accident, A.T. continued to live with her father and paternal grandmother. In 2007, the father secured sole physical custody of A.T., and the parents shared joint legal custody. The mother enjoyed temporary custody and visitation. The father suffered brain trauma in a motor-vehicle accident in 2008. The father lived in a nursing facility at the time of trial, and the paternal grandmother testified that she believed the father was unaware of his surroundings.[1]
The paternal grandmother petitioned for guardianship of A.T. after the father's accident. The mother opposed the paternal grandmother's petition, and the maternal grandmother cross-petitioned for guardianship. The paternal grandmother, the maternal grandmother, and the mother testified at trial as part of the paternal grandmother's case. Neither the mother nor the maternal grandmother called any witnesses. The evidence showed that A.T. has lived with the paternal grandmother since A.T. was two months old, and that the paternal grandmother has provided for all of A.T.'s daycare, school, and medical needs since the father's accident. A.T.'s guardian ad litem recommended that the court appoint the paternal grandmother as A.T.'s guardian. The trial court concluded that both parents were unable to care for A.T., and that it was in A.T.'s best interest to appoint her paternal grandmother as *2 guardian. The maternal grandmother appeals.
In three points on appeal, the maternal grandmother challenges the trial court's appointment of the paternal grandmother as A.T.'s guardian and as representative payee of A.T.'s social security benefits.
In her first two points, the maternal grandmother challenges the trial court's appointment of the paternal grandmother as A.T.'s statutory guardian. In point one, she asserts that the trial court erroneously applied a best-interest-of-the-child analysis in appointing the paternal grandmother as A.T.'s guardian. In point two, the maternal grandmother argues that the evidence was insufficient to overcome the mother's rebuttable presumption that she, as a natural parent, is the appropriate custodian for A.T. Because the analyses of the maternal grandmother's first two points are interrelated, we consider them together.
We must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976); Flynn v. Flynn, 34 S.W.3d 209, 211 (Mo.App. E.D.2000). We give due regard to the trial court to judge the credibility of witnesses, Estate of Williams, 922 S.W.2d 422, 423 (Mo.App. S.D.1996), and the court may accept all, some, or none of a witness's testimony, Malawey v. Malawey, 137 S.W.3d 518, 522 (Mo.App. E.D.2004).
Three statutes govern appointment of a guardian for a minor. Flynn, 34 S.W.3d at 211. Section 475.025 RSMo. (2000)[2] provides that the father and mother are the natural guardians of a minor child. Section 475.030.4 authorizes the court to appoint a statutory guardian in three instances, including where, as here, the parents, or the sole surviving parent, are unwilling, unable, or adjudged unfit to assume guardianship duties. Finally, section 475.045.1 RSMo. (Supp.2009) gives the parent(s) first priority in appointment as guardian, except as otherwise provided in section 475.030. If the parents cannot fulfill guardianship duties, then the court should appoint the most suitable person willing to serve, whose appointment serves the best interests of the child for a stable and permanent placement. 475.045.3 RSMo. (Supp.2009).
Reading these statutes together, a court should not appoint a guardian for a child unless there is no parent available, willing, and able to care and provide for the child as a natural guardian.[3]Flynn, 34 S.W.3d at 211. These statutes create a rebuttal presumption that a natural parent is the appropriate custodian for his or her child. Cotton v. Wise, 977 S.W.2d 263, 264 (Mo. banc 1998); Flynn, 34 S.W.3d at 211. Evidence that a parent is unwilling, unable, or unfit to take charge of the child, however, will overcome this presumption. Cotton, 977 S.W.2d at 264; Flynn, 34 S.W.3d at 211.
Here, the trial court found that neither the father nor the mother was able to serve as A.T.'s natural guardian because of *3 their physical and mental disabilities. The paternal grandmother testified that A.T.'s father suffered brain trauma in a motor-vehicle accident in 2008 that rendered him unable to care for A.T. The father lived in a nursing facility at the time of trial, and the paternal grandmother believed that the father was unaware of his surroundings.
A.T.'s mother suffered a head injury in a motorcycle accident in 2005, and she spent some eight months in the hospital. While the mother has had temporary custody of, and visitation with, A.T., she has not lived with the child since the 2005 accident. The mother underwent physical, occupational, and speech therapy, and expected to undergo more therapy at the time of trial, nearly five years post-injury. The maternal grandmother testified that the mother had no checking account because she could not write checks. The mother had difficulty answering questions that required more than a "yes" or "no" answer, and the trial court observed that she exhibited "severely impaired speech." The mother had to count "one, two, three, fourfive" when asked A.T.'s age. When asked what she and A.T. liked to do together, the mother could only say, "[t]hat stuff, stuff." The guardian ad litem recommended that the court appoint the paternal grandmother as A.T.'s guardian in light of the mother's limitations and the guardian ad litem's belief that the mother could not provide primary care for A.T.
Substantial evidence supported the trial court's conclusion that A.T.'s parents are unable to care for her and to serve as her natural guardians, thus overcoming the mother's rebuttable presumption that she is the appropriate custodian for A.T. Having determined that the parents were unable to care for A.T., the court correctly applied the law in considering the child's best interests in appointing the paternal grandmother as A.T.'s statutory guardian. We deny the maternal grandmother's first and second points.
In her third point, the maternal grandmother asserts that the trial court erred in naming the paternal grandmother as the representative payee of A.T.'s social-security benefits without appointing the paternal grandmother as conservator of A.T.'s estate. Where a minor's entire estate does not exceed $10,000, the court has the discretion to dispense with a conservatorship, and to authorize payment or delivery of the estate to the person having custody of the minor. Section 475.330.1. It is undisputed that A.T.'s estate does not exceed $10,000.
Regardless of the value of A.T.'s estate, however, the probate court erred in purporting to designate the paternal grandmother to serve as representative payee of A.T.'s social-security benefits. Malawey, 137 S.W.3d at 528. The Commissioner of Social Security has the authority to determine the representative payee to receive benefit payments on behalf of an individual. 42 U.S.C. 1383(a)(2)(A)(ii)(I); Malawey, 137 S.W.3d at 528. Nothing in this section confers authority on a state court to determine a representative payee for a child's social-security benefits. Id. Federal regulations set forth who will be appointed as representative payee for a minor child, with first preference given to a custodial parent or guardian. 20 C.F.R. 416.621(c)(1). Given these regulations, the paternal grandmother could apply to the Commissioner of Social Security to be named A.T.'s representative payee, but the trial court has no authority to designate her as such. We grant the maternal grandmother's third point.
Rule 84.14 permits us to enter the judgment that the trial court ought to give, and unless justice otherwise requires, we shall dispose finally of the case. Therefore, we *4 modify the portion of the trial court's order by eliminating the provision that the paternal grandmother serve as A.T.'s representative payee of A.T.'s social-security benefits. As modified, we affirm the order.
SHERRI B. SULLIVAN, P.J., and CLIFFORD H. AHRENS, J., concur.
NOTES
[1] The parties have advised us that the father died shortly after trial.
[2] All statutory references are to RSMo. (2000) except as otherwise indicated.
[3] The maternal grandmother inconsistently argues that the mother is not unable to care for A.T. while at the same time seeking her own appointment as A.T.'s guardian. If the mother was willing, able, and fit to care for A.T., then the mother would be the natural guardian and appropriate custodian for A.T., and a court would have no basis to appoint the maternal grandmother, or anyone else, as A.T.'s statutory guardian. Flynn, 34 S.W.3d at 211. While it is true that appellants are free to advance inconsistent arguments, judges remain free to point out the inconsistencies.