

# Missouri Court of Appeals
## Southern District
### en banc

| | |
|---|---|
| In re the Marriage of ) | |
| JANET DAVIS and JONATHAN DAVIS ) | |
| ) | |
| JANET DAVIS, ) | |
| ) | |
| Petitioner-Respondent, ) | |
| ) | |
| vs. ) | No. SD33814 |
| ) | |
| JONATHAN DAVIS, ) | Filed July 7, 2016 |
| ) | |
| Respondent-Appellant. ) | |

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Larry Luna

AFFIRMED

Jonathan Davis ("Husband") appeals the trial court's judgment dissolving his marriage to

Janet Davis ("Wife") and resolving attendant issues. In four of his six points relied on, Husband

challenges trial court actions that he claims violate procedural local rules of the 38th Judicial

Circuit. Husband further contests the trial court's admission of Wife's form 14 and the trial

court's refusal to recuse after Husband questioned the impartiality of the trial court. Multiple

deficiencies in Husband's briefing and in the content of the record on appeal are such that

Husband has failed to present any cognizable basis upon which to reverse the trial court's

1

judgment. Because that judgment is presumed correct, *In re Marriage of Erickson*, 419 S.W.3d 836, 840 (Mo.App. 2013), we affirm.

## Factual and Procedural Background

The parties were married August 24, 1999. They had one daughter, born in December 1994, and a son, born in November 2000. Wife petitioned for dissolution on December 18, 2009. Trial was held December 12, 2014. The trial court's judgment and decree of dissolution was filed February 9, 2015, awarding joint legal and physical custody of the parties' son with Wife's address designated for mailing and educational purposes. Husband was ordered to pay $262.00 per month for child support. Husband appeals.

## Discussion

### *Points One, Two, Three, and Four*

Husband's first four points challenge certain trial court actions premised upon a violation of various sections of local court rule 68. Because the identity of the actual local court rule 68 in effect during the relevant time is central to and dispositive of all four points, we address them together.

The legal file Husband provided in this appeal at pages 203 through 216 contains a purported "Local Rule 68," inserted after the circuit clerk's certification. This court issued an order directing the trial court to determine whether this document was in fact part "of the trial record, proceedings and evidence previously reduced to writing and filed in the trial court[,]" as required by Rule 81.15(a).[1] The trial court determined that it was not. Apparently, this purported rule 68 was never made a part of the trial court's record.[2]

---

[1] All references to rules, other than local court rules, are to Missouri Court Rules (2016).
[2] Husband did not file a transcript with this court so we have no way of verifying whether the rules he relies on were introduced at trial. Rule 81.12(c) imposes a duty upon an appellant to order a transcript and compile the record on appeal. Although the circuit court record reflects a hearing was held and evidence adduced, Husband filed no transcript in this court. "We acknowledge that securing transcripts and a complete record of the underlying

2

The existence and content of local court rule 68 could be established in one of at least two ways—admission into evidence at trial or judicial notice. There exists an extensive line of case law authority holding that Husband was *required* to introduce the rule into evidence in the trial court and further holding that we are not permitted to take judicial notice of local court rules that have not been made part of the record. *See, e.g.*, ***Bell v. Bell***, 987 S.W.2d 395, 400, n.3 (Mo.App. 1999); ***Sher v. Chand***, 889 S.W.2d 79, 81 (Mo.App. 1994); ***Hoskins v. Hoskins***, 833 S.W.2d 20, 21 (Mo.App. 1992); ***Courtin v. McGraw Const. Co.***, 639 S.W.2d 286, 288, n.4 (Mo.App. 1982); ***In re Marriage of Dickey***, 553 S.W.2d 538, 540 (Mo.App. 1977); and ***Cusack v. Green***, 252 S.W.2d 633, 635 (Mo.App. 1952). We agree that this case-law-developed rule affords Husband the *option* to prove the existence of local court rule 68 by introducing it into evidence at trial. We disagree with this rule, however, to the extent that it *requires* such admission into evidence and prohibits this court from taking judicial notice of it. Our disagreement arises from the fact that all cases reciting and applying this judicial notice prohibition after January 2, 1979, the effective date of Section 478.245.3, rely upon cases that were decided before that date as support for that prohibition.[3] Our research has not found any post-enactment case that considers or analyzes the impact of that section upon the continued validity of the judicial notice prohibition. We do so now.

Section 478.245.3 provides a mechanism for the adoption of local court rules.

---

proceedings would cost [Husband] both time and money, and we are sympathetic to the fact that it may be difficult for some appellants, including those who are pro se, to carry that burden." ***City of St. Louis v. Hill***, No. ED102668, 2016 WL 796703 at *4 (Mo.App. E.D. March 1, 2016). "Nevertheless, it is [an appellant's] duty to provide our Court with a complete record of the underlying proceedings, as it is necessary to determine the issues he raises on appeal." ***Id.*** An appellant's failure to provide a transcript when one is available "is ground for such action as the appellate court deems appropriate, which may include dismissal of the appeal." Section 512.050, RSMo 2000.

[3] The Supreme Court of Missouri last applied the judicial notice prohibition in ***State v. Hinojosa***, 242 S.W.2d 1, 6 (Mo. 1951) (citing ***State ex rel. Clinton Const. Co. v. Johnson***, 272 S.W. 928, 929 (Mo. 1925)).

Local circuit court rules shall be adopted by a majority of the circuit judges of the circuit.[4]  A copy of each circuit court rule certified by the presiding judge of the circuit shall be filed with the circuit clerk and the clerk of the supreme court, and shall not become effective until so filed.  Each local circuit court rule adopted prior to January 2, 1979, shall cease to be effective sixty days after that date if a copy thereof certified by the presiding judge of the circuit is not filed with the clerk of the supreme court during that period of time.

Section 478.245.3; *see also* Rule 50.01.[5]  Once so adopted, local rules are published by West as a part of the MISSOURI COURT RULES.[6]  The statutory requirement that conditions the effectiveness of local court rules upon filing with the supreme court evinces a high degree of legislative confidence in our supreme court that it will carefully and accurately accept, maintain and preserve these public records in accordance with that statute.  We believe that confidence is well placed and supports this court's and the public's reasonable reliance upon the accuracy of those records as maintained by the supreme court.  Therefore, any uncertainty as to the existence, effectiveness, content, or common availability of any particular local court rule that gave rise to

---

[4] Effective July 1, 1996, the Supreme Court of Missouri adopted Court Operating Rule 6.05, which provides:

> All local circuit court rules shall be approved both by the presiding circuit judge and a majority of the circuit court, en banc, consisting of all circuit and associate circuit judges of the circuit. Except as provided in Administrative Rule No. 14, no local circuit court rule shall require a circuit judge to hear cases governed by Supreme Court Rule 37 or chapters 479, 482, 517, 534, 535 or 543, RSMo, other than upon trial de novo, unless the circuit judge consents to hear such cases. The clerk of the Supreme Court shall not file any local circuit court rule failing to comply with the provisions of this Administrative Rule No. 6.05.

[5] Rule 50.01 provides:

> The Missouri Court of Appeals, districts thereof, and trial courts may make rules governing the administration of judicial business if the rules are not inconsistent with the rules of this Court, the Constitution or statutory law in force.
> Upon their promulgation, copies of any such rules shall be furnished to the Clerk of this Court. The clerk of each court shall from time to time compile all of the current rules and maintain copies thereof for distribution among members of the bar and litigants.

[6] These rules may also be otherwise available through computer research such as through courts.mo.gov, as maintained by the Supreme Court of Missouri.  For example, Husband would have been able to find the local rules for the 38th Judicial Circuit by visiting http://www.courts.mo.gov/page.jsp?id=5074 (last visited on June 30, 2016).

the judicial notice prohibition no longer exists. As a result, we decline to follow cases holding otherwise and take judicial notice of the local rules of the 38th Judicial Circuit.

In his first point, Husband contends Wife's action for dissolution was "improperly filed," in violation of "Local Rule 68.2(2)." In point two, Husband contends the trial court allowed Wife to dispose of his personal property, in violation of "Local Rule 68.3(2)(B)." Husband claims in his third point that service on some of Wife's discovery was untimely, a violation of "Local Rule 68.5(4)," and cites a violation of "Local Rule 68.5(5)(A)1-2 & Local Rule 68.5(5)(B)1, 3, 5, [and] 6" under point four. The Rules of the Circuit Court of the Thirty-Eighth Judicial Circuit, MISSOURI COURT RULES VOL. III (2009 through 2015), contain none of the rules cited by Husband in his points. Because his assertions of trial court error are premised on non-existent rules and Husband cites no other legal reason for such claimed errors, we have no legal basis upon which to find error. Although it is our preference to decide cases on the merits, ***Bank of New York Mellon Trust Co., N.A. v. Jackson***, 484 S.W.3d 814, 816 (Mo.App. 2015), Husband's reliance on non-existent rules as the legal basis for his claims of error precludes this court from conducting any meaningful review of his claims. Husband's first four points are denied.

### *Point Five*

In his fifth point on appeal, Husband contends, "The trial court erred because it allowed the Respondent's council [sic] to file motions and a form 14 without the required information, that is REQUIRED by Supreme Court Rule 55.03(a) and deprives myself of Due Process & Equal Protection of the Law, as protected by the 14th Amendment." Husband states:

> There are Rules and Procedures set in place for a reason, when documents are not properly signed, per the rules they are null and void and to be stuck [sic]. If the rules would have been followed by the trial court and Respondents [sic] Council [sic], then this case should have been dismissed on Jan 2012, due to lack of action, per Judge Luna, But instead he allowed it to go on, even though

5

Respondents [sic] councils [sic] papers were not properly filed and mute. By refusing to follow the order, directly violates my 14th Amendment protections of Equal Protections of the Law and Due Process.

Husband further argues: "An unsigned paper shall be stricken unless omission of the signature is corrected promptly *after being called to the attention of the attorney or party.*" (Emphasis added). Husband does not direct this court to any location within the record where any such grievance was "called to the attention of the attorney or party," and we have no transcript. We cannot say the trial court erred in deciding an issue if the issue was never presented for consideration. **Estate of Casteel v. Guardian Ad Litem**, 17 S.W.3d 585, 587 (Mo.App. 2000). Husband's claim has not been preserved for review, and his point is denied. **Id.**

### Point Six

In his sixth and final point, Husband states, "The trial court erred, because Judge Luna did not recuse himself, when I was his Bailiff, in that it violates Supreme Court Rule 2-2.11, and deprives myself of Due Process & Equal Protection of the Law, as protected by the 14th Amendment." Husband recites Rule 2-2.11(A)(1) and then states: "[1] Under this Rule 2-2.11, a judge should recuse whenever the judge's impartiality might reasonably questioned, regardless of whether any of the specific provisions of paragraph (A)(1) to (5) apply."

Husband provides no citation to the record that would support these alleged facts or that this argument was raised to the trial court. Husband cites only to pages 167 and 168 of the legal file. This section of the legal file contains a motion for change of judge. Husband gave four grounds for removal in that motion, none of which concerned his employment as a bailiff. Because this motion does nothing to establish whether Husband served as Judge Luna's bailiff, his argument violates Rule 84.04(e) and is not preserved for our review. **Bailey v. Phelps Cty. Reg'l Med. Ctr.**, 328 S.W.3d 770, 772 (Mo.App. 2010). Additionally, we will not convict the

6

trial court of error when that alleged error was never presented for consideration. *Estate of*

*Casteel*, 17 S.W.3d at 587. Point six is denied.

## Decision

The trial court's judgment is affirmed.


GARY W. LYNCH, J., OPINION AUTHOR

MARY E. SHEFFIELD, C.J., concurs

NANCY STEFFEN RAHMEYER, J., concurs

JEFFREY W. BATES, J., concurs

DANIEL E. SCOTT, J., concurs

DON E. BURRELL, J., concurs

WILLIAM W. FRANCIS, JR., J., concurs