

# Missouri Court of Appeals
## Southern District

### In Division

IN THE MATTER OF THE ESTATE OF: )
A.R.B, A MINOR, )
            )
K.S. AND V.S., )
            )
       Respondents, )
            )
v. )      No. SD38193
            )
A.L., )      Filed: **December 18, 2024**
            )
            )
       Movant. )

APPEAL FROM THE CIRCUIT COURT OF SHANNON COUNTY

Honorable Sandra Brewer, Judge

### <u>AFFIRMED</u>

A.L. ("Mother") appeals from a judgment denying her motion to set aside a default judgment of guardianship over her daughter, A.R.B., and Mother's petition to terminate the guardianship outright. The trial court ruled that (1) Mother's consent to the original guardianship constituted a waiver of personal service and (2) Mother did not meet her burden of proving that the guardianship should be terminated. Mother presents seven points on appeal. We affirm.

## Factual Background and Procedural History

The facts, viewed in the light most favorable to the trial court's judgment, are as follows:[1]

A.R.B. was born in 2017 to Mother and Father. Mother and Father lived together from 2009 until 2019. In 2019, Father was abusing Mother and had allegedly blown marijuana smoke in A.R.B.'s face. Father was arrested and Mother and A.R.B. moved to a women's shelter.

While Mother was staying at the women's shelter, she met a woman who cared for A.R.B. during the month of July. At the end of July, the woman was going on vacation and asked Mother if Respondents (the woman's parents) could care for A.R.B. while she was gone. Mother and Respondents met once after that, and during the meeting, Mother gave Respondents power of attorney over A.R.B. Mother also tried to give Respondents A.R.B.'s bed, clothing, and toys. From that period until December 2019, Respondents had A.R.B. some ninety percent of the time.

On December 16, 2019, Respondents went to Mother's home and gave Mother a copy of two forms, a consent for guardianship and a petition for appointment of co-guardians. The consent for guardianship was labeled **"Consent"** and stated:

> I, [Mother], the biological mother of the minor child, [A.R.B.], state upon my oath that I have examined a copy of the Petition for Appointment of Co-Guardianship of Minor regarding, [A.R.B.], the minor child in the above-entitled cause, and I do hereby Consent to [Respondents] being appointed as Co-Guardians for my daughter, [A.R.B.]. I further acknowledge that I am not presently fit, willing or able to care for the minor child, [A.R.B.] and I believe the appointment of [Respondents] as Co-Guardians for [A.R.B.] is in my child's best interest.

---

[1] *See **In re K.J.R.H.**, 330 S.W.3d 821, 823 (Mo. App. S.D. 2011).

The consent form contained neither language about waiving service of process, nor information about the date, time, or place of any hearing. Mother was never served with process.

The guardianship was granted on May 21, 2020, in part due to the fact that Mother

> executed a Consent . . . to the appointment of [Respondents] as Co-Guardians for the minor child, [A.R.B.], and in said Consent acknowledged that she was not fit, willing or able to provide for the care of the minor child and that the appointment of [Respondents] as Co-Guardians for her daughter was in the best interests of the minor child.

In August 2020, Mother contacted Respondents about rescinding the guardianship. On August 27, 2020, Mother filed a *pro se* petition to terminate the guardianship that did not raise an issue as to lack of personal jurisdiction. On March 8, 2021, after Mother retained counsel, she filed an amended petition to set aside the previous default judgment due to lack of personal jurisdiction or, in the alternative, to terminate the guardianship.

The trial court separately addressed Mother's motion to set aside the previous judgment of guardianship at a hearing on June 9, 2022. On August 11, 2022, the trial court ruled that the "Consent" signed by Mother demonstrated her "consent" to the proceeding and thus constituted a waiver of personal service.

About nine months later, the trial court proceeded with a hearing on Mother's request to terminate the guardianship. At the start of the hearing, Mother moved for "judgment on the pleadings" because Respondents never filed a responsive pleading to Mother's first amended petition to terminate guardianship after the court ordered that all Rules of Civil Procedure would apply. The trial court denied the request for "judgment on the pleadings" because "nothing was filed to give anyone notice that that was . . . taking place at [the] time."

3

At trial, Mother testified that her income had increased, she had a reliable vehicle and a room for A.R.B. in her apartment and was working a nine-to-five job. Mother testified that, although she does not know if A.R.B. has activities in school yet, if she did, she would go to A.R.B.'s events when she could. Mother testified that she was sure she could do all of those things without help.

Mother also testified that she does not have any family in-state who could help take care of A.R.B. Mother suffers from depression and anxiety, and that condition is untreated. Mother lives in subsidized housing and although her income has increased, she has not reported it and does not know how her rent will be adjusted based on that increase. Mother does not have clothing for A.R.B. and does not know what A.R.B.'s clothing sizes are. Mother told Respondents at one point that Mother was going to leave the state with Father and A.R.B. Mother misses one or two visits with A.R.B. a month. There was also testimony that Mother had taken A.R.B. to other people's apartments to play with their children and to Mountain Grove to see a man named "Matt," and that A.R.B. had been acting out ever since she encountered "Matt."

On May 5, 2023, the trial court denied Mother's petition to terminate the guardianship, finding that while Mother had made improvements, she had not shown that termination of the guardianship was in the best interest of A.R.B. Mother was awarded increased unsupervised visitation with A.R.B. "every other Saturday from 10:00 am through Sunday at 5:00 pm" and on specific holidays. This appeal followed.

**Analysis**

**Point I**

In Point I, Mother alleges that the trial court erred in denying Mother's Rule 74.06(b)(4) "motion to set aside as void [its] default judgment of guardianship entered on

4

February 27, 2020" based on lack of personal jurisdiction because Mother was never served with process and the "consent" form mother signed was not a permissible waiver.

Under Rule 74.06(b)(4), a trial court may relieve a party from a final judgment when the judgment is void. *M.F.S.D.-C.S.E. v. J.M.*, 651 S.W.3d 834, 836-37 (Mo. App. E.D. 2022). Rule 74.06(b)(4) motions are generally reviewed for an abuse of discretion. *Id.* at 837. "Where, however, the specific claim asserts the court lacked personal jurisdiction over a party, because jurisdiction is a question of law, we review *de novo* whether the judgment is void on jurisdictional grounds." *Id.* A judgment will be void if the trial court lacked personal jurisdiction over the party subject to the judgment. *Id.*

Proper service of process is a prerequisite to obtaining personal jurisdiction over a party; and where the requirements for proper service of process are not met, a court lacks power to adjudicate. *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000) and *Killingham v. Killingham*, 530 S.W.3d 633, 635 (Mo. App. E.D. 2017). However, "personal jurisdiction is an individual right to which a party can consent." *Everett v. Vance*, 685 S.W.3d 495, 501 (Mo. App. W.D. 2023) (internal citations omitted).

> A defendant waives personal jurisdiction when he is before the court and fails to properly raise the issue. The defendant will have been deemed to waive the issues of personal jurisdiction, sufficiency of process, and sufficiency of service of process when 'the defendant takes or agrees to some step or proceeding in the suit other than contesting jurisdiction, that is beneficial to the defendant.' In other words, '[i]f a party acts so as to recognize that a cause of action is pending and then takes steps that are clearly inconsistent with a lack of personal jurisdiction, the party waives his claim of lack of personal jurisdiction.'

*Interest of A.R.B.*, 586 S.W.3d 846, 859 (Mo. App. W.D. 2019) (citing *Campbell v. Francis*, 258 S.W.3d 94, 98 n.1 (Mo. App. W.D. 2008) and *Bland v. IMCO Recycling, Inc.*¸ 67 S.W.3d 673, 679 (Mo. App. S.D. 2002)). *See also Interest of J.J.R.H.*, 643 S.W.3d 917, 918 (Mo. App. S.D. 2022).

Appellant contends that, although she signed the consent form, this was not a valid waiver of service of process under §475.070. We agree. "Actual notice is insufficient to confer jurisdiction." ***Scott v. Borden***, 648 S.W.3d 68, 72 (Mo. App. W.D. 2022) (quoting ***Gabbert v. State***, 636 S.W.3d 194, 196 (Mo. App. W.D. 2021)). "No amount of actual notice supplants proper service of process." ***Id.*** Section 475.070 provides that service must be had on the parent of a minor unless the parent signs the petition for guardianship or has "waived notice thereof." In the original guardianship proceeding, Mother was never properly served with process; instead, she was provided only with a copy of the petition to look over, and a consent to guardianship form which did not have any language regarding waiver of service of process. Mother's signing of the consent to guardianship was not sufficient to constitute a waiver of personal service.

Although we agree that the consent form did not establish personal jurisdiction, Mother waived this defense by not asserting it at the earliest opportunity. ***Moore v. Crocker*** ¸ 674 S.W.3d 146, 151 (Mo. App. E.D. 2023) (internal citations omitted). The guardianship was granted on May 21, 2020. In August 2020, Mother filed a *pro se* petition seeking relief from the trial court to terminate the guardianship. This petition did not raise the defense of lack of personal jurisdiction. It was not until March 8, 2021, almost seven months later, that Mother filed an amended petition that asserted, for the first time, that the previous default judgment should be set aside due to a lack of personal jurisdiction. Because Mother's initial *pro se* petition sought affirmative relief from the trial court and did not raise the issue of lack of personal jurisdiction, Mother waived any such challenge.[2] Point I is denied.

---

[2] "[I]t is well settled that a *pro se* party cannot be held to a different standard under the Rules of Civil Procedure than a party who is represented by counsel." ***Manning v. Fedotin***, 64 S.W.3d 841, 846 (Mo. App.

**Point II**

Mother's Point II alleges that the trial court erred in overruling her motion for judgment on the pleadings as to her first amended petition to terminate guardianship. Ordinarily, a petition to terminate a guardianship does not require a responsive pleading. *See In re M.B.R.*, 404 S.W.3d 389, 393 (Mo. App. S.D. 2013) ("Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.") (internal citations omitted). Despite this, Respondents filed an answer to Mother's initial *pro se* petition. Once Mother retained counsel, she filed a first amended petition along with a motion to declare the matter an adversary probate proceeding and require that:

> for all subsequent proceedings upon her Petitions that all the Civil Code of Missouri and the Rules of Civil Procedure apply, including the Provisions of Chapter 509 RSMo and Civil Rule 55, in particular that the Guardians in tis [sic] Estate be given 20 days within which to file an answer or response to Petitioner's Petitions setting out all affirmative defenses thereto or waive any affirmative defenses unless specifically stated, all in accordance with §472.141 RSMo., and for such other and further relief as this Court may deem just and appropriate in the premises.

The trial court granted this motion on April 15, 2021. Respondents never filed a responsive pleading to Mother's first amended petition. At trial, Mother moved for judgment on the pleadings, arguing that she was entitled to it because Respondents were required to file a responsive pleading and did not do so.

"The party seeking judgment on the pleadings is similar to that of a movant seeking a motion to dismiss: 'assuming the facts pleaded by the opposite party to be true, these facts nevertheless are insufficient to warrant relief as a matter of law.'" *Emsweller v. Bi-State Dev. Agency of Mo.-Ill. Metro. Dist.*, 591 S.W.3d 495, 498 (Mo. App. E.D. 2019)

---

W.D. 2002) (citing *Murphy v. Shur*, 6 S.W.3d 207, 208 (Mo. App. S.D. 1999)). "*Pro se* parties . . . are not entitled to indulgences they would not have received if represented by counsel." *Id.* (quoting *Belisle v. City of Senath*, 974 S.W.2d 600, 601 (Mo. App. S.D. 1998)).

(quoting *City of Dardenne Prairie v. Adams Concrete & Masonry, LLC*, 529 S.W.3d 12, 17 (Mo. App. E.D. 2017)).  It would be therefore improper for Mother to invoke judgment on the pleadings absent facts pleaded by Respondents.  Mother was asking the trial court to assume her factual allegations were true – not those of the opposite party – which is not proper in a motion for judgment on the pleadings.  It appears as though Mother was actually asking for a default judgment, which is separate from a motion for judgment on the pleadings.

Regardless of the relief Mother was trying to request, the trial court did not abuse its discretion in refusing to grant said motion.  Rule 74.05(a) allows a judge to enter a default judgment against a party who has "failed to plead or otherwise defend[.]"  However, the language of the rule is permissive, not mandatory.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment *may* be entered against the defaulting party [emphasis added]."  *Id.*

"Even where the circuit court had authority to enter a default judgment, there is a 'strong preference for deciding cases on the merits and against resolving litigation by default.'"  *Int. of B.K.B.*, 655 S.W.3d 16, 21 (Mo. App. W.D. 2022) (quoting *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009)).  Respondents filed an answer to Mother's initial petition to terminate guardianship.  Mother and Respondents were present and ready for trial, and there is nothing in the record that indicates that Mother was unaware of Respondents' position or was otherwise prejudiced by the denial of her request.  In these circumstances, it was not an abuse of discretion for the trial court to deny Mother's motion and resolve the matter on its merits.  Mother's Point II is denied.

## Point III

In Point III, Mother argues that the finding and basis for the default judgment entered on February 27, 2020 "exceeded the scope of the pleadings." "We review the trial court's decision whether to grant a motion to set aside a default judgment for an abuse of discretion." ***Jones v. Riley***, 560 S.W.3d 540, 544 (Mo. App. E.D. 2018) (internal citations omitted). "We will reverse the trial court's judgment only when its ruling is clearly against the logic of the circumstances and so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." ***Id.***

Rule 74.05 and 74.06 provide the conditions under which a court may set aside a default judgment. Under Rule 74.05(d), "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." This rule provides that "'[g]ood cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d).

Rule 74.06 states that a party may have relief from a judgment or order due to

(a) Clerical mistakes . . . .

(b) Excusable Neglect . . . . [including]: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or is no longer equitable that the judgment remain in force.

Mother had the evidentiary burden of proving entitlement to relief, and she failed to meet this burden. Motions under Rule 74.05 must be supported by some form of sworn evidence. ***Kan. City Live LLC v. Bukovac***, 494 S.W.3d 573, 577 (Mo. App. W.D. 2016) (internal citations omitted). The party who moves to set aside a default judgment "bears

9

the evidentiary burden of proving entitlement to the relief requested" as to both the "meritorious defense" and the "good cause" elements. *Id.* (internal citations omitted). Mother's request to set aside the default judgment was not verified nor supported by affidavit or sworn testimony, and therefore failed to meet the pleading requirements. Mother's Point III is denied.

**Point IV**

In Point IV, Mother argues that Respondents' original petition for guardianship "contained such critical distortions of fact [that] it failed to state a valid claim . . . upon which relief may be granted." (citing *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 587 (Mo. App. E.D. 2008)).

Upon review of the record, Mother never filed a motion to dismiss Respondents' original petition for failure to state a claim. Such a motion would only be granted if the facts alleged in the petition failed to plead the elements of a recognized cause of action. *Id.* at 587Although a motion for failure to state a claim upon which relief can be granted may be raised at any time, *Id.* at 590, "when a challenge to a pleading for failure to state a claim is brought for the first time on appeal, the pleading will be more liberally construed than if the challenge was made via a motion to dismiss." *Lone Star Indus., Inc. v. Howell Trucking, Inc.*, 199 S.W.3d 900, 905 (Mo. App. E.D. 2006). "When an attack on the sufficiency of a petition is made for the first time on appeal, the pleading will be held good unless it wholly fails to state a claim." *Id.*

The argument in Mother's Point IV misconstrues our standard of review. In our review of a motion to dismiss for failure to state a claim upon which relief can be granted, this Court assumes that all of the allegations in the plaintiff's petition are true and view all reasonable inferences therefrom in favor of the plaintiffs. *Smith v. Stewart*, 644 S.W.3d 5,

10 (Mo. App. E.D. 2022) (citing ***Amalaco, LLC v. Butero***, 593 S.W.3d 647, 650 (Mo. App. E.D. 2019)). "[I]f the petition and the exhibits attached thereto allege any set of facts that, if proven, would entitle the plaintiffs to relief, then the plaintiff's petition is adequate." ***Id.*** (citing ***Brewer v. Cosgrove***, 498 S.W.3d 837, 843 (Mo. App. E.D. 2016)).

Mother may not claim that a pleading fails to state a claim due to the factual allegations being incorrect because, under this Court's standard of review, we presume all facts in the petition are true. Only when the facts alleged in the petition are deemed true and they *still* fail to state a claim may a party be entitled relief. Mother's Point IV is denied.

### Points V and VI

Because Mother's Points V and VI both challenge that the trial court's decision in denying the petition to terminate guardianship was against the weight of the evidence, we address them together. In Point V, Mother argues that the trial judge "implicitly found [Mother] had met her evidentiary burden to establish present fitness." Mother also alleges that in finding her "fit," a presumption was created that a guardianship should not be granted, and Respondents did not overcome this presumption. In Point VI, Mother alleges that the trial judge "produced three pages of unsolicited findings" which are "a revelation of the source of her errors" which were not supported by substantial evidence. This is essentially the same argument as Point V: that the trial judge must have found Mother to be a fit parent, and that in finding her to be a fit parent, the trial court erred by not finding that it would be in A.R.B.'s best interests to terminate the guardianship.

11

Mother's Points V and VI are multifarious in violation of Rule 84.04(d).[3] A multifarious point groups multiple, independent claims, rather than making a single claim of error. *Barbeiri v. Barbieri*, 633 S.W.3d 419, 432 (Mo. App. E.D. 2021). "Generally, multifarious claims of *error* preserve nothing for appeal and are subject to dismissal." *Id.* (citing *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014) and Rule 84.04) (emphasis in the original). However, in our discretion, "we may review all, some, or none of a multifarious point relied on." *Crisp v. Mo. Sch. for Deaf, Dep't of Elementary & Secondary Educ.*, 681 S.W.3d 650, 659 (Mo. App. W.D. 2023). We will use our discretion to address these points as best we can discern them.

---

[3] Mother's Point V states:

> The trial court erred in denying Mother's petition to terminate guardianship because the judge mistakenly ruled that although Mother had proven she was currently fit, suitable, and able to resume the duties of guardianship, she had failed in her burden of establishing it was in the child's best interest to do so, in that the judge erroneously declared the burden of proving "best interest" had shifted from [Respondents] to Mother and she failed to satisfy that burden, which declaration was not only wrong but also moot because the [Respondents] elected to present evidence on "best interest" aspect which meant their evidence had to be weighed against what mother presented, and because the 'parental presumption,' and 'parental preference' remained with mother, and because the determination of 'fitness' almost invariably results in a corresponding determination of 'best interest' requiring termination of the guardianship, guardian's contrary evidence was neither substantial nor sufficient to block that favored result.

Mother's Point VI states:

> The trial court erred in denying Mother's petition to terminate guardianship because the judge erroneously declared that although Mother had proven she was currently fit suitable, and able to resume the duties of guardianship, she had failed in her burden of establishing it was in the best interest of the child to do so, in that the judge's voluntary findings may be assessed for error, and because her findings of fact where [sic], in some cases, based on speculation, such as what the impact on Mother would be if her rent subsidy was released, and were in all other cases insignificant, such as a determination that a single phone call in a three year span confirms an ongoing personal relationship between Mother and the child's father, and because there was no evidence that any of the factors the judge enumerated were ever shown to have any adverse impact on the child, being a requirement to defeat the sought end to the guardianship, the judgment denying termination of guardianship is defective as not based on any substantial evidence.

12

"[A] trial court's judgment in guardianship proceedings is to be affirmed unless it is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *In re M.B.R.*, 404 S.W.3d at 392 (citing *In re K.J.R.H.*, 330 S.W.3d 821, 923 (Mo. App. S.D. 2011)). "A claim . . . that the judgment is against the weight of the evidence necessarily involves review of the trial court's factual determinations." *Id.* at 393 (citing *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012)). In reviewing the trial court's factual determinations, this Court gives due regard to the trial court's judgment of the credibility of witnesses and defers to the trial court's assessment of the evidence. *In re A.T.*, 327 S.W.3d 1, 2 (Mo. App. E.D. 2010) and *Int. of K.R.*, 674 S.W.3d 9, 16 (Mo. App. W.D. 2023). "Once contested, 'a trial court is free to disbelieve any, all, or none of th[e] evidence,' and 'the appellate court's role is not to re-evaluate testimony through its own perspective.'" *In re M.B.R.*, 404 S.W.3d at 393 (citing *Koster*, 367 S.W.3d at 43-44 and *White v. Dir. of Revenue*, 321 S.W.3d 298, 308-09 (Mo. banc 2010)).

The arguments in Mother's Point's V and VI assume a conclusion that is inconsistent with our standard of review. "[When] the trial court [does] not make specific findings of facts and law, the trial court is [presumed] to have made findings consistent with the judgment issued." *Tyson v. Chicago Title Ins. Co.*, 348 S.W.3d 833, 837 (Mo. App. W.D. 2011) (quoting *Pride v. Lewis*, 179 S.W.3d 375, 378 (Mo. App. W.D. 2005)). The trial court made no specific finding that Mother was fit, willing and able to care for A.R.B. Thus, this Court presumes that the trial court found that while Mother made improvements, she nonetheless failed to prove that she was fit, willing and able to take charge of A.R.B. Such finding would be consistent with the judgment issued. This is in

13

addition to the Court's explicit finding that Mother failed to prove that it would be in the best interests of A.R.B. to terminate the guardianship.

Deferring, as we must, to the trial court's factual determinations, *Int. of K.R.*, 674 S.W.3d at 16, this Court finds that the decision to deny termination of the guardianship was not against the weight of the evidence. The trial judge found that Mother placed A.R.B. with Respondents when Mother had never met them. Although Mother's income has increased, Mother had not informed the housing complex of this increase and did not know what her new rent would be. Mother failed to exercise up to half of her visits with A.R.B. during the pendency of Respondents' guardianship. Mother has no available family support in the area where she lives. Mother has been in contact with Father, who is a drug user with whom Mother had been in an abusive relationship, and Mother told Respondents at one point that Mother was going to leave the state with Father and A.R.B. Mother suffers from depression and anxiety and those conditions are untreated. Mother does not have any clothing for A.R.B. and does not know her sizes. The trial court's findings of fact are sufficient to support that Mother failed to meet her burden to show, by a preponderance of the evidence, that the guardianship should be terminated.

Mother's challenges to the weight of the evidence appear to be "nothing more than a series of challenges to the trial court's witness-credibility determinations, inviting us to re-evaluate the testimony through our own perspective, which is not permitted by our standard of review." *In re M.B.R.*, 404 S.W.3d at 394. Points V and VI and denied.

**Point VII**

In Mother's Point VII, she argues the trial court erred in using impermissible "comparison evidence" in making its determinations. "[T]he determination of parental unfitness may not be made by comparing the relative merits of the parent with those of a

14

third party seeking the guardianship over the child." ***In re L.M.***, 488 S.W.3d 210, 216 (Mo. App. E.D. 2016). Under §475.030.4(2), the trial court must first independently determine the natural parent's fitness to be the child's guardian in light of the presumption that the natural parent is the child's appropriate custodian. ***Id.*** (citing ***Cotton v. Wise***, 977 S.W.2d 263, 264 (Mo. banc 1998)). Where the trial court makes the determination of the natural parent's fitness by comparing the relative merits of the natural parent with those of the guardians, the trial court misapplies the guardianship statute. ***L.M.***, 488 S.W.3d at 216.

In ***L.M.***, the respondents alleged that the child's natural father was unable and/or unwilling to be the child's guardian. ***Id.*** at 213.[4] The trial court concluded that the child had more stability in his life when he was with the respondents than when the child was with the father, and found the child's best interests were served by placing him in custody with the respondents. ***Id.*** "The court concluded as a result of this comparison between [the respondents] and [the f]ather that . . . father [was] unfit." ***Id.*** The appellate court reversed, holding that the trial court erred in determining the father's unfitness by comparing the relative merits of the father with the respondents seeking guardianship over the child. ***Id.***

In the present case, and unlike in ***L.M.***, the judgment does not indicate that the trial court compared the circumstances of Mother and Respondents in determining whether mother was unfit. We presume that the trial court knows and applies the law. ***Marck Indus., Inc. v. Lowe***, 587 S.W.3d 737, 743 (Mo. App. S.D. 2019). Absent an explicit

---

[4] Mother's argument appears to allege that ***L.M.*** also applies to the trial court's determination of what is in the best interests of the child. ***L.M.*** only applies the rule against comparison evidence to the court's finding of parental fitness. *See **L.M.***, 488 S.W.3d at 210. Mother's application of the rule to the best interest standard is inapposite.

15

finding, we do not presume that the trial court ignored the law and utilized comparison evidence to determine whether Mother was unfit. Point VII is denied.

## Conclusion

The judgment of the trial court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS